MATLOW CORPORATION, Appellant, *v.* STATE OF NEW YORK, Respondent. (Claim No. 48434.)

MATLOW CORPORATION, Appellant, *v.* STATE OF NEW YORK, Respondent. (Claim No. 48435.)

MATLOW CORPORATION, as Assignee of WOLTAM REALTY COMPANY, INC., Appellant, *v.* STATE OF NEW YORK, Respondent. (Claim No. 48436.)

Fourth Department, May 20, 1971.

*Sullivan, Spencer & McCormack (John E. Lawton* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General (Dennis Hurley* and *Ruth Kessler Toch* of counsel), for respondent.

HENRY, J. Claimant appeals from judgments of the Court of Claims which in awarding compensation for the taking of claimant's property failed to hear proof offered to show that the value of the property had been adversely affected by the project which made the appropriation necessary. Claimant had been engaged in the scrap metal business since 1926. Its lands were adjacent to the New York Central Railroad. Fifty per cent of its incoming materials and 90% of its outgoing shipments traveled by rail to and from its extensive side track facilities. On August 7, 1961 the State appropriated the entire New York Central right of way. Claimant could not conduct its scrap metal business without the railroad and it then ceased to operate it and rented the property.

Appellant's property was appropriated in March, 1966. On that date the value of the property had been substantially reduced because of the elimination of the railroad facilities by appropriation thereof in 1961.

If the appellant's lands were probably within the scope of the project when the State was committed to it, no adverse effect resulting therefrom should be allowed to reduce the amount of

its award. '' The rule does not require a showing that the land ultimately taken was actually specified in the original plans for the project. It need only be shown that during the course of the planning or original construction it became evident that land so situated would probably be needed for the public use.'' (*United States* v. *Reynolds,* 397 U. S. 14, 21.)

On the trial claimant made an offer of proof of the following facts. In the spring of 1959, the State sent engineers from the firm of O'Brien & Gere onto Matlow's premises in the Vine Street area. One of the engineers informed Mr. Matlow that a portion of his property was at present in the design stages of becoming a part of the East-West Highway through the area. On May 26, 1959, subsequent to newspaper announcements, a public hearing was held at the State Office Building in Syracuse at which time the State disclosed to the public the coming acquisition of the New York Central Railroad's right of way and the taking of certain properties alongside the right of way. Although the Matlow parcels were not mentioned specifically, they were referred to by street references. One of the exchanges mentioned was the Teall Avenue exchange. On March 18, 1960 the State authorized the engineering firm of King & Gavaris to design the highway between Forman and Erickson Streets, which section encompassed the claimant's property. The maps filed by King & Gavaris specifically show the Teall Avenue exit, including the need for taking a wedge-shaped parcel of land from claimant. In January of 1961, King & Gavaris filed a scaled highway plan with the State which showed lines of taking through the Matlow parcel.

This offer of proof, if established upon the trial, would have been sufficient to show that during the course of the planning and original construction it became evident that claimant's land would probably be needed for the public use. '' The Court early recognized that the ' market value ' of property condemned can be affected, adversely or favorably, by the imminence of the very public project that makes the condemnation necessary. And it was perceived that to permit compensation to be either reduced or increased because of an alteration in market value attributable to the project itself would not lead to the ' just compensation ' that the Constitution requires.'' (*United States* v. *Reynolds,* 397 U. S. 14, 16).

In *United States* v. *Miller* (317 U. S. 369, 376–377) the court gave full articulation to these principles and, in holding that an owner of lands which were probably within the scope of a project from the time the Government was committed to it should be

compensated without any alteration in market value attributable to the project, said: '' If   *   *   *   the public project from the beginning included the taking of certain tracts but only one of them is taken in the first instance, the owner of the other tracts should not be allowed an increased value for his lands which are ultimately to be taken.'' Depreciation in value of a parcel of property at the time appropriated where the property is included in a general plan of condemnation to carry out a specific program of the condemnor should not be sustained by the owner. (*City of Cleveland* v. *Carcione,* 118 Ohio App. 525.)

If it be established on a new trial that claimant's property was within the scope of the project from the time the State was committed to it, then any depression in its value which was brought about by the development of the project should be excluded in determining the fair market value of the property taken (4 Nichols, Eminent Domain, § 12.3151) and, as in cases where true condemnation blight is present, claimant may introduce evidence of value prior to the alteration in market value attributable to the project and compensation shall be based on the value of the property as it would have been at the time of the *de jure* taking but for the debilitating effect of the project itself (*City of Buffalo* v. *Clement Co.,* 34 A D 2d 24, mod. 28 N Y 2d 241; *City of Buffalo* v. *George Irish Paper Co.,* 31 A D 2d 470, affd. 26 N Y 2d 869; *Niagara Frontier Bldg. Corp.* v. *State of New York,* 33 A D 2d 130, affd. 28 N Y 2d 755).

The judgments should be reversed and a new trial granted.

DEL VECCHIO, J. P., WITMER, GABRIELLI and MOULE, JJ., concur.

Judgments unanimously reversed, on the law and facts, and a new trial granted, with costs to the appellant to abide the event.