■ ALCAPE REALTY COMPANY, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 54220.)—Judgment unanimously reversed, on the law and facts, with costs, and a new trial granted. Memorandum: On the grounds of trial errors and inadequacy of award, claimants appeal from a judgment entered upon an award of $9,350 for the appropriation of 0.175 acre of their land in the City of Syracuse by the State of New York for highway purposes. Claimants owned 10 acres of land which in 1968 was bounded on the east by Velasko Road, with 364 feet of frontage thereon, and on the south by Onondaga Road. Their grantor had previously conveyed drainage easements 20 feet wide to the owner of property next west of this acreage, the easements extending completely around the 10-acre parcel. In

September, 1968 the State appropriated Velasko Road from the City of Syracuse for highway purposes, thereby leaving claimants with access only to Onondaga Road. At that time claimants made no claim against the State for consequential damages by reason of that appropriation. In February, 1971 the State appropriated a 0.175-acre piece of land in the northeast corner of claimants' 10-acre parcel, also for use in highway development. Upon the trial of claimants' claim for this appropriation the State's appraiser found, and the court agreed, that claimants suffered no consequential damage, but that the value of the 0.175-acre parcel was diminished for lack of access to Velasko Road. Claimants sought to prove that the 1968 appropriation of Velasko Road and the 1971 appropriation of the 0.175-acre piece were part of a single plan of taking, and that hence the value of its property should not be depreciated because of lack of access to Velasko Road; but the court ruled against the claimants. This was error. If the Velasko Road appropriation did drastically reduce the value of claimants' property, as they contend, and if the appropriation of the 0.175-acre parcel was part of a single plan by the State for highway development in this area, the State may not gain by acting in two steps so that the value of the 0.175-acre parcel and the remainder of the property were diminished at Step No. 2 (see *Matlow Corp. v State of New York,* 36 AD2d 461, and cases cited therein). Claimants, therefore, should be afforded the opportunity to establish the State's liability for the full damages which their property sustained under the principle of the *Matlow* case. Part of the 0.175-acre parcel was encumbered by the 20-foot drainage easement and because of that the court allowed only 15% of the value that such portion would have except for the encumbrance. The award was within the estimates of the opposing appraisers, but we think that it was against the weight of the evidence. There was evidence that one lot (conveyed by two separate deeds) at the southwest corner of the claimants' property, likewise encumbered, was sold to a subsidiary of McDonald's Restaurants in 1972 and 1973 for $170,000; and at about the same time another lot with 125 feet of frontage on Onondaga Road and being 225 feet in depth, lying next east of McDonald's property and likewise encumbered, was leased for 30 years to a bank at a net annual rental of $13,750. Even the State's appraiser admitted that the easement had not affected the values of those lots very much. Under such circumstances a reduction of value of 85% in the subject property because of the easement was error. The judgment should, therefore, be reversed and a new trial granted to claimants in accordance with this memorandum. (Appeal from judgment of Court of Claims—appropriation.) Present—Marsh, P. J., Moule, Cardamone, Simons and Witmer, JJ.