■ COUNTY OF WARREN, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 41490.) — AULISI, J. Appeal from a judgment in favor of claimant, entered October 18, 1966, upon a decision of the Court of Claims. The State contends that the trial court erred in refusing to dismiss the claim on the ground that the property appropriated was used for a governmental purpose or in the alternative, if the taking was compensable, the award should be modified to adopt the valuation offered by the State. The State appropriated 35.53 acres in fee and 1.65 acres for a temporary easement for construction of the Northway from approximately 115 acres owned by the County in the Town of Queensbury which fronted on Route 9 and a street known as Gurney Lane. A very small portion of the property, some considerable distance from the appropriated parcel, was used for a tuberculosis hospital until approximately 1957 when it was converted into a county infirmary. The Board of Supervisors had proposed to erect a new county office complex on another portion of the 115-acre tract, but upon learning of the proposed highway, the proposed site was abandoned and a new county office building was constructed on other land on the easterly side of Route 9. The remaining acreage in question containing the parcels appropriated was merely vacant or surplus land which contained some tree plantings. The appropriation on September 9, 1959 predated section 3 of the General Municipal Law (L. 1960, ch. 180) which changed the common-law rule so as to allow compensation to a municipality if the land taken is to be used for a substantially different purpose. The section is not retroactive (*City of Albany* v. *State of New York*, 21 A D 2d 224, affd. 15 N Y 2d 1024) and therefore the county can only be compensated for the appropriation if the property was held in a proprietary rather than a governmental capacity. We find that there is adequate support in the record before us for the factual conclusion that the appropriated property was held by the county in its proprietary capacity inasmuch as the land was idle and any use was limited to tree plantings. Furthermore, any proposal to use it as a building site was abandoned prior to the appropriation (see *City of Little Falls* v. *State of New York*, 266 App. Div. 87, affd. 291 N. Y. 755). There is nothing in the record which requires a contrary conclusion. We are constrained, however, to disapprove the method of proof employed by claimant in establishing the value of the property and in the interest of justice a new trial must be ordered. Claimant's expert gave no supporting data as to how he arrived at the valuation he reached. He relied principally on his background and experience. This, of course, is entitled, at most, to little consideration and certainly not sufficient to sustain the present award. To say the least, the testimony of the State's expert is also of little assistance. It is, generally conclusory and unconvincing. Conspicuously absent is the raw factual data from which a reviewing court can determine whether the transaction relied on is truly comparable and additionally the propriety of whatever adjustments have been made (see *Katz* v. *State of New York*, 10 A D 2d 164; *Guthmuller* v. *State of New York*, 23 A D 2d 597; *Tilo Co.* v. *State of New York*, 25 A D 2d 795; *Kakulski* v. *State of New York*, 26 A D 2d 958; *Stirz* v. *State of New York*, 26 A D 2d 964; *Fredenburgh* v. *State of New York*, 26 A D 2d 966). Judgment reversed, on the law and the facts, without costs, and a new trial, limited to the issue of damages, ordered. (See CPLR 4404, 5522.) Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Aulisi, J.