■ TOWN OF PERU, Appellant-Respondent, v. STATE OF NEW YORK, Respondent-Appellant. (Claim No. 47204.) — Cross appeals from a judgment in favor of claimant, entered June 22, 1971, upon a decision of the Court of Claims. This is an appropriation claim which was previously before this court. The property appropriated consisted of a dock on Lake Champlain and a strip of land containing a roadway leading thereto. On the first trial the court held that the property was owned by claimant in a governmental capacity and, consequently, claimant was not entitled to recover compensation.

This court reversed and ordered a new trial, basing its decision on a holding that there was evidence in the record which clearly indicated the property was held in a proprietary capacity and that there was no contrary evidence negating this testimony, the State merely limiting its proof to the value of the property taken. (35 A D 2d 875.) On the retrial the parties entered into a stipulation as follows: "IT IS HEREBY STIPULATED by the undersigned that the original record in the above claim be submitted to Honorable Henry W. Lengyel, Judge of the Court of Claims, in order that a decision as to the dollar value of said property be rendered pursuant to the testimony developed in the original trial record." The trial court awarded claimant $16,500, and interest, as compensation for the property appropriated. The State then took a direct appeal to the Court of Appeals from the judgment of the Court of Claims seeking to review the prior order of this court. The Court of Appeals dismissed the appeal on the ground that the order of this court was not one which necessarily affected the final judgment sought to be appealed from (30 N Y 2d 859). This appeal then ensued. As in the prior appeal in this court, the controlling issue is whether the land in question was held by claimant in a governmental or proprietary capacity. The testimony presented on this issue, due to the stipulation, is the same as the testimony presented on the former appeal. Since we there held that there was uncontradicted evidence tending to establish that plaintiff held the property in a proprietary capacity, and on retrial the State offered no new evidence, we are constrained on the present record to follow our former decision. We find that the property was held by claimant in a proprietary capacity. Claimant has cross-appealed contending that it is entitled to damages of $20,000. There is no merit to its contention that the State's appraisal must be rejected. It was at least minimally sufficient for a range of testimony to exist. (See *Sapia* v. *State of New York*, 33 A D 2d 821.) Any infirmities in the State's proof went to the weight of the testimony and not to its admissibility. We find no basis to disturb the award. Judgment affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Main and Reynolds, JJ., concur. [59 Misc 2d 49.]