CITY OF NEW YORK, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 53715.)

Third Department, May 22, 1975

*W. Bernard Richland, Corporation Counsel (Morris Einhorn* and *L. Kevin Sheridan* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General (Joseph F. Gibbons* and *Ruth Kessler Toch* of counsel), for respondent.

HERLIHY, P. J. This is an appeal from a judgment of the Court of Claims, entered January 30, 1974, which dismissed so much of the claim as was before it for lands condemned for highway purposes.

The issue before the Court of Claims and again raised before this court is whether or not the claimant is entitled to

damages for certain parcels of land designated as parcel numbers 182, 184, 192, P192, 194, 262 and 268 pursuant to the provisions of section 3 of the General Municipal Law.

The Court of Claims found that regardless of what use a municipality was making of its property at the time of appropriation, the purpose for which it was originally acquired is controlling in determining whether or not damages must be paid by the State pursuant to section 3 of the General Municipal Law. Upon this appeal the claimant urges that for the purposes of said section 3, the actual use at the time of appropriation is controlling.

Section 3 of the General Municipal Law as applicable provides: "Where property of a municipal corporation * * * is taken in the exercise of the power of eminent domain for a purpose substantially different from that for which it is held by such municipal corporation * * * just compensation * * * shall be made * * * as though it were private property." The purpose of section 3 was to overrule the common-law rule that municipalities could only recover damages when the State condemned property held in a proprietary capacity (see generally, 19 N. Y. Jur., Eminent Domain, § 104). The test imposed by the statute requires firstly a determination of the *purpose* for which the property was held and secondly a determination as to whether or not that purpose is different from the purpose to be achieved by the exercise of eminent domain.

The Court of Claims found that all of the subject parcels were originally acquired or otherwise dedicated by the claimant to or for highway purposes and, therefore, were held by the claimant for highway purposes prior to their condemnation.

The statute does not upon its face require that all property must always be held for the purpose for which it was originally acquired. The determination must be made upon the basis of what purpose it is held for at the time of appropriation. In *Town of Harrison v County of Westchester* (13 NY2d 258) the court held that for purposes of determining whether or not land was held for a public use its actual use at a particular time would control. While not controlling as to the present case, by analogy, the actual use at the time of appropriation should be given evidentiary effect and weight. In regard to damage parcel numbers 182 and 184, the trial court has found that prior to the present taking, they had been dedicated by the claimant to highway uses. Assuming that the trial court was correct in that finding, the record contains no

evidence that the claimant had not properly rededicated the land to the purpose of parks which was the actual use at the time of the condemnation.

Upon the present record there is no evidence to support a finding that damage parcel numbers 182 and 184 had a highway use at the time of the taking and, accordingly, it is found that, as a matter of fact, the claimant is entitled to compensation therefor. All of the remaining parcels were at the time of acquisition vacant land and on this record it can be held that the proposed use for highway purposes was abandoned prior to the appropriation.*

The passing of time per se is sufficient to demonstrate the difference in use at the time of the acquisition. While the issue present in parcel numbers 262–268, due to the description of the property, is more limited, the damage therefor is *de minimis.* In accordance with section 3 of the General Municipal Law, the city is entitled to compensation for all of the acquired property. (See *Town of Peru v State of New York,* 59 Misc 2d 49, revd 35 AD2d 875, app dismd 30 NY2d 859, app after remand 41 AD2d 989; *County of Warren v State of New York,* 29 AD2d 717; *City of Albany v State of New York,* 71 Misc 2d 294, 301; cf. *Town of Harrison v County of Westchester, supra; County of Herkimer v Village of Herkimer,* 251 App Div 126, affd 279 NY 560.)

The judgment should be reversed, on the law and the facts, and the matter remitted to the Court of Claims for entry of a judgment in the amount of $142,520, with costs.

Sweeney, Kane, Larkin and Reynolds, JJ., concur.

Judgment reversed, on the law and the facts, and matter remitted to the Court of Claims for entry of judgment in the amount of $142,520, with costs.

---

* Parcel numbers 192, P192 and 194 were acquired in 1937; parcel numbers 262–268 were acquired in 1941.