VILLAGE OF BROCKPORT, Respondent, v COUNTY OF MONROE PURE WATERS DIVISION et al., Appellants.

Fourth Department, July 12, 1977

*William J. Stevens (Sergeant W. Wise* and *William D. Sheldon* of counsel), for appellants.

*Samuel F. Prato (Frank A. Aloi* of counsel), for respondent.

CARDAMONE, J. Defendants appeal from an order at Special Term which denied its motion made pursuant to CPLR 3211 (subd [a], pars 2, 7) to dismiss plaintiff's complaint which alleged that defendants' taking and control of its village sewage treatment plant constituted a *de facto* condemnation and that it is, therefore, entitled to be compensated pursuant to section 3 of the General Municipal Law.

From 1955 through 1972 the Village of Brockport in Monroe County constructed, operated and maintained a waste water and sewage treatment plant located at East Avenue in the village. In 1967 at a cost of $915,778.15 the plant was expanded and improved. Upon notification to the plaintiff village in January, 1973 the Monroe County Pure Waters District assumed control of the plant and operated it until July, 1973 when the operation of the village's plant was discontinued. The inflow of sewage and waste to the plant was then diverted to the Regional Northwest Quadrant Waste Treatment Plant.

The village commenced this action seeking just compensation for the alleged *de facto* taking of its sewage treatment facility. Defendants argue that there was not a taking since legal title to the property remained with plaintiff, the defendants had no power to condemn the property by eminent domain and the parties had agreed that the subject of equity compensation would be settled by a committee representing the village and the County of Monroe.

Special Term found a question of fact as to whether there was a taking pursuant to section 3 of the General Municipal Law. It further found that plaintiff's inability to use the plant as a waste water and sewage treatment plant would seem to meet the "substantially different" purpose test of section 3 of the General Municipal Law. We agree that there are questions of fact with respect to whether plaintiff consented to the take-over of the treatment plant and whether plaintiff agreed

to submit the question of equity compensation to the committee. Assuming *arguendo* that there was found to be a taking by defendants and that the plaintiff village had not agreed to be bound by the decision of the equity compensation committee, nonetheless, we conclude that the complaint does not state a cause of action because it fails to meet the "purpose substantially different" test of section 3 of the General Municipal Law.

Section 3 of the General Municipal Law represents a departure from the common-law rule which provided that damages were recoverable only where the acquiring authority condemned property held by a municipality in a proprietary capacity *(City of New York v State of New York,* 48 AD2d 79, 80, affd 39 NY2d 951). Section 3 of the General Municipal Law now provides in pertinent part: "[w]here property of a municipal corporation * * * is taken in the exercise of the power of eminent domain *for a purpose substantially different from that for which it is held by such municipal corporation* * * * just compensation to the municipal corporation * * * shall be made in the same manner, to the same extent and subject to the same limitations as though it were private property" (emphasis added).

The Governor's Message of March 8, 1960 concluded that: "[t]he 'substantially different' test * * * is a more equitable standard, since it would authorize compensation in those instances where a municipality loses the use of an activity which is not replaced by the unit of government acquiring such property" (McKinney's Session Laws of NY, 1960, p 2001).

The village argues that the defendants' discontinuation of the treatment plant is an "effect" which it equates with "purpose" substantially different from the operation of that plant on a day-to-day basis. We cannot agree that such satisfies the statute. Here the identical service or use taken by the defendants was replaced by them. The classic case for' just compensation pursuant to section 3 of the General Municipal Law arises in those instances where a unit of government by eminent domain acquires property of another unit of government for a purpose other than that for which it was held. Compensation is then authorized in order to allow the municipal corporation to replace the activity which was taken. Thus, compensation has been awarded pursuant to section 3 of the General Municipal Law when land held as a sanitary land-fill

was taken for highway construction *(Town of Tonawanda v State of New York,* 50 Misc 2d 3); when land held for street purposes was taken for a university campus *(City of Albany v State of New York,* 28 NY2d 352); and when land held for park or recreational purposes was taken for highway construction *(City of New York v State of New York,* 48 AD2d 79, affd 39 NY2d 951, *supra; City of Albany v State of New York,* 74 Misc 2d 940).

The statutory test requires in the first instance, a determination of the *purpose* for which the property was held at the time of the appropriation; and, second, a determination as to whether or not that purpose is different from the purpose for which it was taken under the power of eminent domain *(City of New York v State of New York, supra,* p 80).

At the time of the "taking", the property in the instant case was held as a waste water and sewage treatment plant. The defendants "took" the property to incorporate it into its regional waste water and sewage treatment plant which is the same purpose for which it was being held. While the village plant is now inoperative, it was replaced by the acquiring unit of government. Hence, the village will not have to expend funds to replace an activity which was taken by defendants. We find, therefore, that defendants' "taking" of the village's sewage treatment plant was not "for a purpose substantially different from that for which it was held" by the village and that, therefore, the village is not entitled to proceed under section 3 of the General Municipal Law.

The order should be reversed, the motion should be granted and the complaint should be dismissed.

MARSH, P. J., MOULE, SIMONS and GOLDMAN, JJ., concur.

Order unanimously reversed, without costs, motion granted, and complaint dismissed.