OPINION OF THE COURT
Thomas J. Lowery, Jr., J.
The State of New York seeks an order dismissing the claim on the grounds that the court lacks subject matter jurisdiction (22 NYCRR 1200.20 [a] [2]; CPLR 3211, subd [a], par 2) and that the claim fails to state a cause of action (22 NYCRR 1200.20 [a] [1]; CPLR 3211, subd [a], par 7), or in the alternative, for summary judgment in favor of the State (CPLR 3212). The claimant, by cross motion, seeks an order in the nature of mandamus, compelling the State to make an offer, allegedly provided for by statute, representing the full value of the property taken.
On August 13, 1971, the State filed a single appropriation • map acquiring some 9,000 acres of land for the Stewart Airport. This acquisition excluded the road network within the area taken. Thereafter, on March 6, 1973, the State acquired title to the roads, which are the subject matter of the claim, by filing an appropriation map in the office of the Clerk of Orange County. The claimant, however, was never served with a copy of the map. The claim was filed on June 11, 1979.
The State predicates its request for relief on two grounds. First, it is argued that the claimant may not be compensated for the taking, since the property acquired was held by the claimant in its governmental capacity, and was not appropriated for a purpose substantially different from that for which it had been held. (See General Municipal Law, § 3; City of Albany v State of New York, 28 NY2d 352.) Next, it is argued that, given the circumstances here, there is no triable issue of fact, since the property taken is without value as a matter of law.
Section 3 of the General Municipal Law modified the common-law rule that denied compensation for appropriations of property held by a municipality in its governmental capacity. (City of New York v State of New York, 48 AD2d 79, affd 39 NY2d 951.) The law provides that a municipality may be compensated for its property, where the taking is for a purpose substantially different than that for which it had been held. The enactment of . the statute eliminated the inequitable rule denying compensation in those instances where a municipality had lost the use of an activity and such activity was not *524 replaced by the unit of government acquiring the property. (Governor’s Message, March 8, 1960, NY Legis Ann, 1960, pp 471-472.)
"The statutory test requires in the first instance, a determination of the purpose for which the property was held at the time of appropriation;. and, second, a determination as to whether or not that purpose is different from the purpose for which it was taken under the power of eminent domain”. (Village of Brockport v County of Monroe Pure Waters Div., 58 AD2d 216, 219, affd 43 NY2d 979.)
In the present case the properties appropriated were held for use as public streets. The taking was for airport purposes. The State urges that the latter use was not substantially different than that for which it had been held, since airports and streets both served transportation purposes.
The court does not agree. An airport serves a substantially different purpose than a street. Although both may be characterized as transportation uses in the very general sense of the word, an airport does not serve the intracommunity surface transportation needs of the municipality. The loss of the benefits conferred by the use of the streets is not replaced by the construction of an airport. Therefore, the "substantially different” purpose test of section 3 of the General Municipal Law has been met.
With respect to the State’s argument that the claimant’s property necessarily has no compensable value, this also is without merit. In this regard, the State first argues that any value that the street may have possessed was destroyed when the surrounding properties were previously acquired. This, however, is not the case, since the claimant’s property was within the scope of the original project and therefore the claimant is entitled to have its property valued as if the taking of the surrounding property had not occurred. (Matlow Corp. v State of New York, 36 AD2d 461.) Moreover, the question of whether the streets had any value, is a question of fact properly determined on trial. (Cf. City of Albany v State of New York, 28 NY2d 352, supra.)
Turning now to the claimant’s cross motion, it is axiomatic that this court is without power to grant strictly equitable relief such as that sought here. (See Psaty v Duryea, 306 NY 413.) Moreover, section 9 of chapter 1155 of the Laws of 1971, applicable here, confers no such jurisdiction on the court. (Matter of Silverman v Comptroller of State of N. Y., 40 *525 AD2d 225.) The claimant contends that article 3 of the Eminent Domain Procedure Law permits such relief. A reading of that statute, however, reveals that there is no language contained therein that purports to vest equitable jurisdiction in this court.
Even if the statute did confer equitable jurisdiction on this court, it is not applicable to takings that occurred prior to July 1, 1978. (See EDPL 104, 709; McKinney’s Cons Laws of NY, Book 1, Statutes, § 51.) Section 706 of the Eminent Domain Procedure Law is not to the contrary. This section merely works to exempt from the application of the statute those takings where a condemnation action or proceeding was commenced prior to the aforesaid effective date of the statute, but where the acquisition was not completed until subsequent thereto. The latter situation is limited to those takings under Supreme Court jurisdiction where an action or proceeding precedes the acquisition. (See EDPL 402, subd [B].) Section 706 has no application to takings under the Court of Claims jurisdiction, where the acquisition precedes the commencement of any action or proceeding. To hold otherwise would lead to the retroactive nullification of certain takings otherwise valid. This would be the case where the taking occurred prior to the effective date of the statute, and where the claim was not filed until after that date and the requisites of the Eminent Domain Procedure Law were not met. Such a construction of section 706 would lead to an absurd result and must be rejected. (See McKinney’s Cons Laws of NY, Book 1, Statutes, § 145.)
In accordance with the foregoing, it is ordered that the State’s motion is in all respects denied, and it is further ordered that the claimant’s motion is in all respects denied.