■ In the Matter of MINIMAX REALTIES, INC., Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of Correctional Services, Respondent.—Weiss, J. Appeal from an order and judgment of the Supreme Court at Special Term (Hughes, J.), entered April 11, 1986 in Albany County, which, inter alia, in a combined action and proceeding pursuant to CPLR article 78, dismissed that portion of petitioner's application which sought to compel respondent to offer to purchase petitioner's real property for the sum of $2,200,000.

Petitioner owned real property in Sullivan County abutting Woodbourne Correctional Facility on which it operated a resort hotel. Commencing in July 1981, the Department of Correctional Services (DOCS) advised petitioner that it was interested in acquiring at least a portion of petitioner's land and that it would explore a purchase of the entire parcel. Thereafter, at DOCS' request, the Office of General Services (OGS) retained the services of the American Appraisal Company to prepare a two-party appraisal of petitioner's property: the first part consisting of an unimproved area of 22 acres, and the second part consisting of the entire parcel, an area of approximately 63 acres. The appraisal was issued in December 1981 and valued the total property at $2,200,000 and the smaller 22-acre portion at $88,300. After the appraisal was reviewed and "accepted" by a member of OGS' Bureau of Land Management, the appraisal was forwarded to DOCS. In February 1982, DOCS notified petitioner that it was only interested in purchasing the 22-acre parcel and offered the

appraised value of $88,300. When this offer was not accepted, respondent, the Commissioner of DOCS, requested assistance from the Department of Transportation (DOT) in acquiring the parcel by eminent domain (Correction Law § 21; 2 NYCRR 13.2). In May 1982, DOT filed an appropriation map for the taking of the 22-acre parcel and offered to purchase same "on the basis of the appraisal prepared by the American Appraisal Company and approved by the Office of General Services".

Thereafter, by letter dated June 4, 1982, respondent notified petitioner that DOCS had decided to purchase the entire parcel; purchase and sale negotiations ensued. On July 15, 1982, the State entered upon the 22-acre parcel to begin road construction. On November 29, 1982, the parties executed a purchase agreement for all of the property for $1,400,000, but the agreement was never implemented. On April 15, 1983, at the request of OGS, H. R. Fountain Company, Inc., an appraiser, reported the fair market value of the entire parcel to be $600,000 and, in August of that year, respondent notified petitioner that the entire parcel would be appropriated and made a purchase offer of $985,000. In October 1983, DOCS filed the required map and notice of appropriation, taking all of petitioner's property. Petitioner was paid $985,000, a sum it elected to treat as an advance payment (see, EDPL 304 [A] [3]), and filed a claim in the Court of Claims seeking further compensation. In addition, petitioner commenced this proceeding seeking a declaration that the American Appraisal Company's appraisal of $2,200,000 represented the "highest approved appraisal" at the commencement of the eminent domain proceedings and, further, seeking relief in the nature of mandamus compelling respondent to offer petitioner the $2,200,000 appraisal value as required by EDPL 303. Special Term denied the relief sought and dismissed the petition, giving rise to this appeal.

The threshold question on this appeal is whether subject matter jurisdiction exists. The Court of Claims has exclusive jurisdiction to resolve all claims arising from the acquisition of property on behalf of the State (EDPL 501 [A]; see, 51 NY Jur 2d, Eminent Domain, §§ 379-381, at 573-576). There is little question here that upon acquisition, title vested with the State (Correction Law § 21). Respondent maintains that the claim presents a matter of "just compensation" within the exclusive jurisdiction of the Court of Claims. Indeed, as indicated above, petitioner has filed a claim in the Court of Claims relative to the instant taking. Petitioner counters, however, that the proceeding was properly commenced in Supreme

Court since it merely seeks a declaration that the $2,200,000 represents the "highest approved appraisal" *(see,* EDPL 303) and an order compelling respondent to *offer,* not pay, to compensate petitioner at 100% of this appraised value. Petitioner's underlying thesis is that due to respondent's manifested intent to purchase the entire parcel in June 1982, and the State's actual entry on the parcel on July 15, 1982, a de facto taking of the property resulted *(see, City of Buffalo v Clement Co.,* 28 NY2d 241, 255) obligating respondent to *offer* the full $2,200,000 set forth in the appraisal of the American Appraisal Company.

The merits of this theory need not detain us. In our view the essence of petitioner's claim is for money damages, not equitable relief, for it effectively seeks to bind the State to a damage award of $2,200,000 *(cf., Town of New Windsor v State of New York,* 101 Misc 2d 522). To afford petitioner such relief should usurp the Court of Claims exclusive jurisdiction over determinations of "just compensation" (EDPL 101; *see,* EDPL 501). In sum, the Court of Claims is the proper forum for resolution of this claim *(see, Matter of Albany Hous. Auth. v Hennessy,* 74 AD2d 710). Accordingly, Special Term should have dismissed the petition for lack of subject matter jurisdiction.

Order and judgment affirmed, without costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.