■ ROBERT G. SULLIVAN, Appellant, v STATE OF NEW YORK, Respondent. [824 NYS2d 135]—

In a claim to recover damages for a de facto taking of a temporary easement, the claimant appeals from an order of the Court of Claims (Lack, J.), dated June 6, 2005, which granted the defendant's motion pursuant to CPLR 3211 (a) (1), (2), (5), and (7) to dismiss the claim.

Ordered that the order is reversed, on the law and as a matter of discretion, without costs or disbursements, and the motion to dismiss the claim is denied.

In October 1997 the defendant State of New York took by eminent domain a temporary easement over a portion of a parcel of property then owned by the plaintiff Robert G. Sullivan and Pamela Liapakis, but now owned by Sullivan alone. According to a map filed in the office of the Nassau County Clerk, the temporary easement was "for use and exercisable during the elimination of the Mineola grade crossings until the approval of the completed work, unless sooner terminated if deemed no longer necessary for project purposes." In April 2000 the parties entered into an "agreement of adjustment" fixing the compensation due to Sullivan and Liapakis for the taking of the temporary easement. That agreement, by its terms, "supplemented" an "agreement for advanced payment" dated February 22, 1998, which is not part of the record. In July 2000 Sullivan and Liapakis executed a "release of owner" (hereinafter the release) with respect to their rights to compensation regarding the temporary easement, which was "in accordance with and pursuant to" the agreement of adjustment. The State released the property and purported to terminate the original temporary easement in June 2004, six years and eight months after taking it.

In October 2004 Sullivan filed this claim in the Court of Claims for compensation for the State's alleged de facto taking of a temporary easement. He claimed that the easement covered by the agreement of adjustment and release of owner was for a five-year period only, as purportedly set forth in an "explanation of acquisition/offer of settlement." He argued that the 20-month additional period during which the State possessed his property constituted a separate, de facto taking of an easement.

The Court of Claims granted the State's motion to dismiss the claim on the ground that it was grounded in equity, and the Court of Claims does not have subject matter jurisdiction of claims sounding in equity. We reverse.

Sullivan claims that the agreements he and Liapakis entered into with the State and their release covered only the alleged five-year period of the temporary easement, and that his claim is only for the period beyond the five years. This claim sounds not in equity, but in law. As such, the Court of Claims had subject matter jurisdiction of the claim (*see* EDPL 101, 501 [A]; *Matter of Minimax Realties v Coughlin*, 132 AD2d 875, 877 [1987]; *Town of New Windsor v State of New York*, 101 Misc 2d 522, 524-525 [1979]).

The State argues that dismissal was proper in any event because Sullivan's claim is refuted by the agreement of adjustment and the release of owner, both of which are matters of documentary evidence. A party seeking dismissal on the ground that its defense is founded on documentary evidence under CPLR 3211 (a) (1) has the burden of submitting documentary evidence that "resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim" (*Nevin v Laclede Professional Prods.*, 273 AD2d 453 [2000]). The submitted documents make clear that the State's defenses—and Sullivan's claim itself—are not conclusively determinable without reference to the agreement for advanced payment. The agreement for advanced payment was not before the Court of Claims, and it is not part of the record on appeal. Consequently, the State was not entitled to dismissal based on either CPLR 3211 (a) (1) or (5) (*see Nevin v Laclede Professional Prods., supra*). While neither party raised this point in the Court of Claims or on appeal, we reach it in the exercise of our discretion because this question of law appears on the face of the record and the State is responsible for this gap in its documentary proof on its motion pursuant to CPLR 3211 (a) (1) and (5) (*cf. Weiner v MKVII-Westchester*, 292 AD2d 597, 598 [2002]; *Rubens v Fund*, 23 AD3d 636, 637 [2005]). Crane, J.P., Ritter, Rivera and Lunn, JJ., concur.