■ SHEILA COHEN, Appellant, v NASSAU EDUCATORS FEDERAL CREDIT UNION, Respondent. [832 NYS2d 50]—

In a class action commenced by the plaintiff, Sheila Cohen, on behalf of herself and all others similarly situated to recover damages for breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, and violation of General Business Law § 349, and for declaratory and injunctive relief, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Austin, J.), entered May 18, 2006, as granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

"To succeed on a motion to dismiss pursuant to CPLR 3211 (a) (1), the documentary evidence that forms the basis of the defense must be such that it resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim" (*Sheridan v Town of Orangetown*, 21 AD3d 365, 365 [2005]). Here, the documentary evidence flatly contradicted the plaintiff's claim that the defendant, Nassau Educators Federal Credit Union (hereinafter the credit union), was obligated to maintain a group insurance policy for its members, since the documentary evidence clearly showed that the credit union was authorized to terminate the insurance policy at any time (*see Sheridan v Town of Orangetown, supra*; *Prudential Wykagyl/Rittenberg Realty v Calabria-Maher*, 1 AD3d 422 [2003]). Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint.

The parties' remaining contentions are without merit or need not be reached in light of the foregoing. Miller, J.P., Spolzino, Ritter and Lifson, JJ., concur.