■ MAZUR BROTHERS REALTY, LLC, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 112660.) [873 NYS2d 326]—

In a claim, inter alia, to recover damages for breach of contract, the claimant appeals, as limited by its brief, from so much of an order of the Court of Claims (Scuccimarra, J.), dated May 15, 2007, as granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (1), in effect, to dismiss that portion of the claim which was to recover damages for breach of contract, and denied its cross motion for summary judgment on the claim.

Ordered that the order is affirmed insofar as appealed from, with costs.

On April 4, 2006 the defendant State of New York acquired, by eminent domain, real property owned by the claimant, Mazur Brothers Realty, LLC. Prior to the taking, the State made prevesting offers to the claimant for the appropriation, pursuant to EDPL 303. The parties then entered into a binding agreement of adjustment, wherein the claimant accepted the State's offered compensation as payment in full for the appropriation (*see* EDPL 304 [A] [2]; *ERA Realty v State of New York*, 281 AD2d 388 [2001]). Following the appropriation, the claimant filed this claim, inter alia, to recover damages for breach of contract, alleging that the defendant had failed to pay the compensation agreed upon in the agreement of adjustment. The defendant moved, among other things, pursuant to CPLR 3211 (a) (1) to dismiss that portion of the claim which was to recover damages for breach of contract. The claimant cross-moved for summary judgment on the claim.

A party seeking dismissal on the ground that its defense is founded upon documentary evidence pursuant to CPLR 3211 (a) (1) has the burden of submitting documentary evidence that " 'resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim' " (*Sullivan v State of New York*, 34 AD3d 443, 445 [2006], quoting *Nevin v Laclede Professional Prods.*, 273 AD2d 453 [2000]; *see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]). Here, the agreement of adjustment, which was annexed to the claim, in conjunction with the other documentary evidence submitted, established that the claimant failed to meet a condition precedent required by that agreement (*cf. Sullivan v State of New York*, 34 AD3d 443, 445 [2006]). Therefore, the court properly granted that branch of the defendant's motion which was to dismiss that portion of the claim which was to recover damages for breach of contract. Likewise, the court properly denied the claimant's cross motion for summary judgment as it failed to make a prima facie showing of its entitlement to judgment as a matter of law (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The claimant's remaining contentions are without merit. Rivera, J.P., Angiolillo, Eng and Belen, JJ., concur.