■ BOTACH MANAGEMENT GROUP, Appellant, v JOHN GURASH et al., Defendants, and FIRST SPECIALTY INSURANCE CORPORATION, Respondent. [31 NYS3d 80]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Westchester County (Bellantoni, J.), dated February 11, 2014, which granted the motion of the defendant First Specialty Insurance Corporation pursuant to CPLR 3211 to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The defendant First Specialty Insurance Corporation (hereinafter FSIC) insured certain real property owned by the plaintiff Botach Management Group (hereinafter Botach) and located in California. Pursuant to the insurance policy, any legal proceedings against FSIC in relation to such coverage had to be commenced in New York within 12 months of the date of damage/loss. After the property allegedly was damaged over a period of time in 2010, Botach filed a claim on the policy and FSIC denied the claim in January 2011. Botach then commenced an action against FSIC in California (hereinafter the California action). The complaint in the California action alleged that the last damage to the property occurred in September 2010. FSIC moved, based on the forum selection clause, to stay all proceedings in the California action, and the Superior Court of California granted the motion.

Botach then commenced this action in the Supreme Court, Westchester County, in June 2013. The complaint in this action alleged that the last damage to the property occurred in December 2010. FSIC moved to dismiss the New York action, inter alia, as time-barred, and in an order dated February 11, 2014, the Supreme Court granted the motion. After the Supreme Court granted the motion to dismiss this action, the Superior Court of California dismissed the California action with prejudice. Botach appeals from the order dated February 11, 2014.

"A party seeking dismissal on the ground that its defense is founded on documentary evidence under CPLR 3211 (a) (1) has the burden of submitting documentary evidence that 'resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim' " (*Sullivan v State of New York*, 34 AD3d 443, 445 [2006], quoting *Nevin v Laclede Professional Prods.*, 273 AD2d 453, 453 [2000]; *see GuideOne Specialty Ins. Co. v*

*Admiral Ins. Co.*, 57 AD3d 611, 613 [2008]; *Cohen v Nassau Educators Fed. Credit Union*, 37 AD3d 751, 752 [2007]). In moving to dismiss a cause of action pursuant to CPLR 3211 (a) (5) as barred by the applicable limitations period, " 'a defendant bears the initial burden of demonstrating, prima facie, that the time within which to commence the action has expired' " (*QK Healthcare, Inc. v InSource, Inc.*, 108 AD3d 56, 65 [2013], quoting *A.F. Rockland Plumbing Supply Corp. v Hudson Shore Associated Ltd. Partnership*, 96 AD3d 885, 886 [2012]; *see J.A. Lee Elec., Inc. v City of New York*, 119 AD3d 652, 653 [2014]).

Here, the documentary evidence submitted by FSIC in support of its motion conclusively established that the instant action was barred because it was commenced after the expiration of the one-year limitation period contained in the subject insurance policy (*see Gilbert Frank Corp. v Federal Ins. Co.*, 70 NY2d 966, 967-968 [1988]; *Neary v Nationwide Mut. Fire Ins. Co.*, 17 AD3d 331 [2005]). Thereupon, the burden shifted to Botach to raise a question of fact as to whether the limitations period "has been tolled or was otherwise inapplicable, or whether the action was actually commenced within the period propounded by the defendant" (*QK Healthcare, Inc. v InSource, Inc.*, 108 AD3d at 65; *see J.A. Lee Elec., Inc. v City of New York*, 119 AD3d at 653).

In opposition to FSIC's motion, Botach argued that FSIC should be equitably estopped from asserting the policy's limitations period as a defense because it engaged in a course of conduct that lulled Botach into inactivity based on a belief that its claim would ultimately be paid (*see John v State Farm Mut. Auto. Ins. Co.*, 116 AD3d 1010, 1012 [2014]; *Garcia v Peterson*, 32 AD3d 992, 992-993 [2006]; *Minichello v Northern Assur. Co. of Am.*, 304 AD2d 731, 732 [2003]). However, "[e]vidence of communications or settlement negotiations between an insured and its insurer either before or after expiration of a limitations period contained in a policy is not, without more, sufficient to prove waiver or estoppel" (*Gilbert Frank Corp. v Federal Ins. Co.*, 70 NY2d 966, 968 [1988]). Here, the record demonstrates that Botach was made aware prior to the expiration of the limitations period that there was outstanding documentation necessary to evaluate the claim, as well as an issue as to coverage. Additionally, FSIC clearly expressed in written correspondence that it was not waiving any policy terms, conditions, provisions, or limitations, and that its January 2011 denial of claim remained in effect even though the file was being kept open. Moreover, while Botach contends that its delay in commencing this action was due in part to certain alleged

conversations and statements between its attorneys and attorneys for FSIC, those conversations could not have caused the delay because they are alleged to have occurred after the expiration of the contractual limitations period (*see Gilbert Frank Corp. v Federal Ins. Co.*, 70 NY2d 966 [1988]).

Botach argues on appeal that FSIC should be judicially estopped from asserting a statute of limitations defense because FSIC took a different position in this action than it did in the California action. Botach also argues on appeal that the commencement of the California action in December 2011 entitles it to the benefit in this action of the six-month extension for pleading pursuant to CPLR 205 (a). However, those contentions are not properly before us, as they are raised for the first time on appeal (*see Robles v Brooklyn-Queens Nursing Home, Inc.*, 131 AD3d 1032 [2015]; *ACS Sys. Assoc., Inc. v AMCC Corp.*, 106 AD3d 761, 762 [2013]; *Festinger v Edrich*, 32 AD3d 412, 413 [2006]).

Accordingly, the Supreme Court properly granted FSIC's motion pursuant to CPLR 3211 to dismiss Botach's complaint as time-barred. Dillon, J.P., Dickerson, Austin and Duffy, JJ., concur.