In an action, inter alia, to recover damages for breach of an insurance contract, the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Pitts, J.), entered August 11, 2016, which, upon an order of the same court dated September 16, 2015, granting the defendant’s motion pursuant to CPLR 3211 (a) to dismiss the complaint, is in favor of the defendant and against them dismissing the complaint.
 

 Ordered that the judgment is affirmed, with costs.
 

 The defendant, Farm Family Casualty Insurance Company (hereinafter Farm Family), issued a policy insuring the plaintiffs’ home during the time period from August 21, 2012, through August 21, 2013. The policy provided that any action brought against Farm Family had to be commenced within two years after the occurrence causing the loss or damage. The complaint alleged that the property was damaged on October 29, 2012, as a result of “Hurricane or Super Storm Sandy.” On November 1, 2012, the plaintiffs submitted a claim to Farm Family for the loss and damage to the property, and on March 10, 2014, Farm Family denied the claim. The plaintiffs then commenced this action against Farm Family on March 13, 2015. Farm Family moved, inter alia, pursuant to CPLR 3211 (a) (1) and (5) to dismiss the complaint based upon documentary evidence and on the ground that the action was time-barred. The Supreme Court granted the motion and entered judgment in favor of the defendant and against the plaintiffs dismissing the complaint. The plaintiffs appeal.
 

 “A party seeking dismissal on the ground that its defense is founded on documentary evidence under CPLR 3211 (a) (1) has the burden of submitting documentary evidence that resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff’s claim” (Botach Mgt. Group v Gurash, 138 AD3d 771, 772 [2016] [internal quotation marks omitted]; see Fontanetta v John Doe 1, 73 AD3d 78, 83 [2010]; Sullivan v State of New York, 34 AD3d 443, 445 [2006]). For evidence to be considered documentary, it “must be unambiguous and of undisputed authenticity” (Fontanetta v John Doe 1, 73 AD3d at 86). Contracts are among the documents that qualify as documentary evidence (see id. at 84-85).
 

 “In moving to dismiss a cause of action pursuant to CPLR 3211 (a) (5) as barred by the applicable limitations period, a defendant bears the initial burden of demonstrating, prima facie, that the time within which to commence the action has expired” (Botach Mgt. Group v Gurash, 138 AD3d at 773 [internal quotation marks omitted]; see QK Healthcare, Inc. v InSource, Inc., 108 AD3d 56, 65 [2013]).
 

 Here, the insurance policy contained a clear and unambiguous provision that provided for a limitations period of two years from the date of the occurrence causing the loss or damage in which to commence an action against Farm Family. The documentary evidence conclusively established that this action was time-barred because it was commenced subsequent to the expiration of the two-year limitations period contained in the insurance policy.
 

 The plaintiffs’ contention regarding equitable estoppel is improperly raised for the first time on appeal (see Botach Mgt. Group v Gurash, 138 AD3d at 774).
 

 Accordingly, the Supreme Court properly granted Farm Family’s motion pursuant to CPLR 3211 (a) to dismiss the complaint.
 

 In light of our determination, the plaintiffs’ remaining contention need not be reached.
 

 Eng, P.J., Roman, Miller and Christopher, JJ., concur.