Webster v Sherman (2018 NY Slip Op 06590)





Webster v Sherman


2018 NY Slip Op 06590


Decided on October 3, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2015-12277
 (Index No. 502940/12)

[*1]Helen Webster, appellant, 
v
Rochelle Sherman, et al., defendants, Tenzer and Lunin, LLP, respondent.


Dollinger, Gonski & Grossman, Carle Place, NY (Michael J. Spithogiannis, Leslie A. Foodim, and Scott Horn of counsel), for appellant.
Martin Clearwater & Bell LLP, New York, NY (Jean M. Post and Barbara D. Goldberg of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Martin M. Solomon, J.), dated November 10, 2015. The order granted the motion of the defendant Tenzer and Lunin, LLP, pursuant to CPLR 3211(a) to dismiss the second amended complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
This action arises out of a 1995 agreement between the plaintiff and the defendant Rochelle Sherman (hereinafter Rochelle) pursuant to which Rochelle agreed to transfer half of her shares in Garden Care Center, Inc. (hereinafter Garden Care), to the plaintiff. Garden Care operated a nursing home, so governmental approval for the transfer of ownership was required. In connection with the proposed transfer, the plaintiff and Rochelle entered into an escrow agreement on or about April 1, 2003, in which the defendant, Tenzer and Lunin, LLP (hereinafter T & L), was appointed to act as the escrow agent.
Conditional approval of the transfer of Rochelle's shares to the plaintiff was granted by the New York State Public Health Council in a letter dated November 19, 2003. T & L was instructed that to complete the requirements for certification approval, it had to contact the regional office of the New York State Office of Health Systems Management within 30 days of receipt of the letter. In a follow-up letter to T & L dated December 5, 2005, the New York State Department of Health (hereinafter DOH) noted that the regional office had not been contacted and that the project would be considered abandoned unless T & L provided to the DOH documentation that the regional office was contacted within 30 days from the date of the follow-up letter. By letter dated January 11, 2006, T & L informed the DOH that the closing of the transfer had not taken place because the consent of the other shareholders of Garden Care, as well as the consent of Garden Care's lender, had not been obtained. In March 2006, the DOH notified T & L that it considered the transfer application abandoned.
By amended complaint filed February 6, 2013, the plaintiff commenced this action against T & L, among others, alleging causes of action for breach of contract, breach of fiduciary duty, [*2]and legal malpractice. On or about December 8, 2014, the plaintiff served and filed a second amended complaint. T & L moved pursuant to CPLR 3211(a)(1), (5), and (7) to dismiss the four causes of action asserted against it. The Supreme Court granted T & L's motion, based on CPLR 3211(a)(1) and (7). The plaintiff appeals.
On a motion to dismiss pursuant to CPLR 3211(a)(7), the complaint is to be afforded a liberal construction and the court must give the plaintiff "the benefit of every possible favorable inference, accept the facts alleged in the complaint as true, and determine only whether the facts as alleged fit within any cognizable legal theory" (High Tides, LLC v DeMichele, 88 AD3d 954, 956 [internal quotation marks omitted]; see CPLR 3026; Leon v Martinez, 84 NY2d 83, 87-88; Gorbatov v Tsirelman, 155 AD3d 836, 837; Thompson Bros. Pile Corp. v Rosenblum, 121 AD3d 672, 673). Although the facts pleaded are presumed to be true and are to be accorded every favorable inference, "bare legal conclusions as well as factual claims flatly contradicted by the record are not entitled to any such consideration" (Everett v Eastchester Police Dept., 127 AD3d 1131, 1132 [internal quotation marks omitted]; see Cruciata v O'Donnell & McLaughlin, Esqs., 149 AD3d 1034, 1035).
A motion to dismiss a complaint pursuant to CPLR 3211(a)(1) may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Endless Ocean, LLC v Twomey, Latham, Shea, Kelley, Dubin & Quartararo, 113 AD3d 587, 588; Bua v Purcell & Ingrao, P.C., 99 AD3d 843, 845). A party seeking relief pursuant to CPLR 3211(a)(1) on the ground that its defense is founded upon documentary evidence " has the burden of submitting documentary evidence that resolves all factual issues as a matter of law, and conclusively disposes of the [other party's] claim'" (Flushing Sav. Bank, FSB v Siunykalimi, 94 AD3d 807, 808, quoting Mazur Bros. Realty, LLC v State of New York, 59 AD3d 401, 402; see Camisa v Papaleo, 93 AD3d 623, 625; Makris v Darus-Salaam Masjid, N.Y., Inc., 91 AD3d 729, 730).
Here, we agree with the Supreme Court's granting of those branches of T & L's motion which were to dismiss the causes of action alleging breach of contract and breach of fiduciary duty insofar as asserted against it, as the documentary evidence conclusively established a defense as a matter of law (see AQ Asset Mgt., LLC v Levine, 119 AD3d 457, 460; Grinblat v Taubenblat, 107 AD2d 735, 736).
With respect to the cause of action alleging legal malpractice, although the Supreme Court properly determined that there was no attorney-client relationship between the plaintiff and T & L (see Lindsay v Pasternack Tilker Ziegler Walsh Stanton & Romano LLP, 129 AD3d 790, 792; Lombardi v Lombardi, 127 AD3d 1038, 1042; Terio v Spodek, 63 AD3d 719, 721), the second amended complaint set forth a cause of action which fell "within the narrow exception of fraud, collusion, malicious acts or other special circumstances under which a cause of action alleging attorney malpractice may be asserted absent a showing of privity" (Mr. San, LLC v Zucker & Kwestel, LLP, 112 AD3d 796, 797 [internal quotation marks omitted]; see Ginsburg Dev. Cos., LLC v Carbone, 85 AD3d 1110, 1112).
However, as an alternate ground for affirmance, T & L contends, as it did in the Supreme Court, that this cause of action is barred by the statute of limitations. "In moving to dismiss a cause of action pursuant to CPLR 3211(a)(5) as barred by the applicable [statute of] limitations period, a defendant bears the initial burden of demonstrating, prima facie, that the time within which to commence the action has expired" (Hohwald v Farm Family Cas. Ins. Co., 155 AD3d 1009, 1010 [internal quotation marks omitted]; see Wells Fargo Bank, N.A. v Eitani, 148 AD3d 193, 197). "If the defendant meets this initial burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations has been tolled, an exception to the limitations period is applicable, or the plaintiff actually commenced the action within the applicable limitations period" (Amrusi v Nwaukoni, 155 AD3d 814, 816 [internal quotation marks omitted]; see Shah v Exxis, Inc., 138 AD3d 970, 971).
The statute of limitations for a cause of action alleging legal malpractice is three years [*3]from the accrual of the cause of action (see CPLR 214[6]; Quinn v McCabe, Collins, McGeough & Fowler, LLP, 138 AD3d 1085, 1086; Farage v Ehrenberg, 124 AD3d 159, 163). "Accrual is measured from the commission of the alleged malpractice, when all facts necessary to the cause of action have occurred and the aggrieved party can obtain relief in court . . . regardless of when the operative facts are discovered by the plaintiff" (Farage v Ehrenberg, 124 AD3d at 164 [internal citations omitted]; see McCoy v Feinman, 99 NY2d 295, 301; Quinn v McCabe, Collins, McGeough & Fowler, LLP, 138 AD3d at 1086).
However, legal malpractice claims which would otherwise be barred by the statute of limitations are timely if the doctrine of continuous representation applies (see Glamm v Allen, 57 NY2d 87, 91-94; Alizio v Ruskin Moscou Faltischek, P.C., 126 AD3d 733, 735; Farage v Ehrenberg, 124 AD3d at 164), in which case the three-year statute of limitations is tolled for the period following the alleged malpractice "until the attorney's continuing representation of the client on a particular matter is completed" (Farage v Ehrenberg, 124 AD3d at 164; see Zorn v Gilbert, 8 NY3d 933, 934; Glamm v Allen, 57 NY2d at 93). For the doctrine of continuous representation to apply, there must be clear indicia of "an ongoing, continuous, developing, and dependent relationship between the client and the attorney" (Aseel v Jonathan E. Kroll & Assoc., PLLC, 106 AD3d 1037, 1038 [internal quotation marks omitted]; see Farage v Ehrenberg, 124 AD3d at 164).
Here, T & L met its prima facie burden by establishing that the last date of the alleged malpractice occurred on January 11, 2006, and the action against it was not commenced until February 6, 2013 (see 3rd & 6th, LLC v Berg, 149 AD3d 794, 795; Aseel v Jonathan E. Kroll & Assoc., PLLC, 106 AD3d at 1038). In opposition, the plaintiff failed to raise a triable issue of fact as to whether continuous representation tolled the statute of limitations (see 3rd & 6th, LLC v Berg, 149 AD3d at 795-796; Quinn v McCabe, Collins, McGeough & Fowler, LLP, 138 AD3d at 1087).
In light of our determination, we need not reach the parties' remaining contention.
Accordingly, we affirm the Supreme Court's granting of that branch of T & L's motion which was to dismiss the cause of action alleging legal malpractice.
DILLON, J.P., LASALLE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court