Piliaskas v Mountain Val. Indem. Co. (2019 NY Slip Op 05709)





Piliaskas v Mountain Val. Indem. Co.


2019 NY Slip Op 05709


Decided on July 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2017-08474
 (Index No. 520990/16)

[*1]Anthony Piliaskas, respondent, 
v
Mountain Valley Indemnity Company, et al., appellants.


James J. Croteau, New York, NY (Michael A. McGarry, Jr., of counsel), for appellants.
Lerner, Arnold & Winston, LLP, New York, NY (Jesse Michael James Roehling and Frank Winston of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of insurance contracts, the defendants appeal from an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated July 14, 2017. The order denied the defendants' motion pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants' motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against the defendant CastlePoint Insurance Company as time-barred, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
In November 2016, the plaintiff commenced this breach of contract action against the defendants Mountain Valley Indemnity Company (hereinafter Mountain Valley) and CastlePoint Insurance Company (hereinafter CastlePoint; hereinafter together with Mountain Valley, the defendants), alleging that the defendants breached the terms of the homeowner insurance policies that they each issued to the plaintiff by denying the plaintiff's claims for coverage pursuant to the respective policy. Specifically, the plaintiff alleged that, on or about February 14, 2013, CastlePoint issued a homeowners' insurance policy to him, effective for a duration of one year, insuring him against damage or loss to his premises. That policy was then renewed for the period February 14, 2014, to February 14, 2015. The plaintiff also alleged that, thereafter, the CastlePoint policy was not renewed, and instead, a policy was issued by Mountain Valley on February 14, 2015, also effective for one year. Each of the insurance policies at issue provides that any action must be commenced within one year after the date of loss.
According to the plaintiff, "[c]ommencing in or about January 2015 and continuing through and into the date hereof," he suffered loss and damage to the foundation, exterior walls, flashing, pointing, roof, windows, and skylights of his premises by virtue of a demolition, excavation, and construction project on an adjoining property. Mountain Valley denied the plaintiff's claim for coverage for the damage on the ground that the policy did not cover the plaintiff's claim.
The plaintiff then commenced this action against the defendants, alleging breach of contract as against each and seeking, inter alia, a judgment declaring that the defendants each have a duty to provide coverage for the damage to his property. The defendants moved pursuant to CPLR 3211(a)(5), to dismiss the complaint as time-barred, and the Supreme Court denied the defendants' motion.
On a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) as time-barred, the defendant must show, prima facie, that the time in which to commence the action has expired (see Hohwald v Farm Family Cas. Ins. Co., 155 AD3d 1009, 1009). Here, CastlePoint demonstrated that the complaint should be dismissed as time-barred insofar as asserted against it. CastlePoint's coverage for losses terminated on February 14, 2015, the date its policy expired, and, pursuant to the terms of that policy, any action for a claim of loss covered by that policy would have had to be commenced no later than February 14, 2016 (see Hohwald v Farm Family Cas. Ins. Co., 155 AD3d at 1009; D'Angelo v Allstate Ins. Co., 126 AD3d 931, 931). The plaintiff did not commence this action until November 2016, after the one-year limitations period in the contract had expired (see Bachir v Lloyds of London, 157 AD3d 847, 848; Hohwald v Farm Family Cas. Ins. Co., 155 AD3d at 1009). In opposition, the plaintiff failed to raise a triable issue of fact (see Bachir v Lloyds of London, 157 AD3d at 848).
However, we agree with the Supreme Court's determination denying that branch of defendants' motion which was to dismiss the complaint as time-barred insofar as asserted against Mountain Valley. Contrary to the defendants' contention, the date of loss from which the one-year limitations period is calculated was not fixed at January 15, 2015. The documents submitted by the defendants in support of their motion allege that construction and excavation of the property adjoining the plaintiff's property began in January 2015 and continued through the date of the plaintiff's complaint (see Capruso v Village of Kings Point, 23 NY3d 631, 639-640; Garron v Bristol House, Inc., 162 AD3d 857, 859). Thus, the plaintiff alleged losses that were incurred during the period that the Mountain Valley policy was in effect, i.e., from February 14, 2015, through February 14, 2016. As a result, the defendants failed to establish, prima facie, that the plaintiff's complaint was untimely insofar as asserted against Mountain Valley (see generally Matter of Asch, 164 AD3d 787, 789).
The parties' remaining contentions either are without merit or have been rendered academic in light of our determination.
RIVERA, J.P., ROMAN, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court