Pavoist v Kensington Ins. Co. (2024 NY Slip Op 03184)

Pavoist v Kensington Ins. Co.

2024 NY Slip Op 03184

Decided on June 12, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 12, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2022-02465
 (Index No. 714016/21)

[*1]Morgane Pavoist, et al., respondents, 
v
Kensington Insurance Company, et al., appellants, et al., defendants.

Mauro Lilling Naparty LLP, Woodbury, NY (Phillip McManus of counsel), for appellant Kensington Insurance Company, and Ahmuty, Demurs & McManus, Albertson, NY (Glenn A. Kaminska and Timothy J. Layer of counsel), for appellant Custard Insurance Adjusters, Inc. (one brief filed).
Leavitt, Kerson & Sehati, Forest Hills, NY (Paul E. Kerson of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants Kensington Insurance Company and Custard Insurance Adjusters, Inc., appeal from an order of the Supreme Court, Queens County (Lourdes M.Ventura, J.), entered February18, 2022. The order, insofar as appealed from, denied those defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendants Kensington Insurance Company and Custard Insurance Adjusters, Inc., pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them is granted.
The plaintiffs commenced this action, inter alia, to recover damages for breach of a homeowner's insurance policy. The plaintiffs alleged, among other things, that the defendant Kensington Insurance Company (hereinafter Kensington) issued an insurance policy to the plaintiffs, which insured the plaintiffs against loss or damage to certain premises and that certain demolition activities performed by other defendants caused shifting and foundation damage during the time in which the policy was in full force and effect. The plaintiffs also alleged, inter alia, that Kensington and the defendant Custard Insurance Adjusters, Inc. (hereinafter together the insurance defendants), wrongfully refused to pay claims made by the plaintiffs under the policy.
The insurance defendants moved pursuant to CPLR 3211(a)(1), (7), and, in effect, (5), to dismiss the complaint insofar as asserted against them. In support of their motion, the insurance defendants contended, inter alia, that this action was untimely because the plaintiffs did not commence the action within the two-year period of limitations set forth in the policy.
In an order entered February18, 2022, the Supreme Court, inter alia, denied the insurance defendants' motion. The insurance defendants appeal.
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) on the ground that the complaint is barred by the applicable statute of limitations, the defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired" (Van Der Velde v New York [*2]Prop. Underwriting Assn., 205 AD3d 970, 970 [internal quotation marks omitted]). "The burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations is tolled or is otherwise inapplicable, or whether the action was actually commenced within the applicable limitations period" (id. at 970-971 [internal quotation marks omitted]). Because article 2 of the CPLR allows an action to be commenced within a shorter time prescribed by written agreement than that specified in an applicable statute of limitations, "an agreement which modifies the [s]tatute of [l]imitations by specifying a shorter, but reasonable, period within which to commence an action is enforceable . . . provided it is in writing" (Van Der Velde v New York Prop. Underwriting Assn., 205 AD3d at 971 [internal quotation marks omitted]; see CPLR 201).
Here, the insurance defendants demonstrated, prima facie, that the time within which to commence this action against them had expired inasmuch as the plaintiffs failed to commence the action within the two-year limitations period set forth in the policy (see Van Der Velde v New York Prop. Underwriting Assn., 205 AD3d at 971; Botach Mgt. Group v Gurash, 138 AD3d 771, 773).
In opposition, the plaintiffs failed to raise a question of fact. Contrary to the plaintiffs' contentions, the continuing wrong doctrine is inapplicable to this case (see Matter of Salomon v Town of Walkill, 174 AD3d 720, 721), and the insurance defendants did not waive their right to demand compliance with the contractual limitations period provision set forth in the policy (see Van Der Velde v New York Prop. Underwriting Assn., 205 AD3d at 971).
Because the plaintiffs failed to raise a question of fact in opposition to the insurance defendants' prima facie showing, the Supreme Court should have granted the insurance defendants' motion to dismiss the complaint insofar as asserted against them on the ground that it was barred by the contractual limitations period.
In light of the foregoing, the insurance defendants' remaining contentions need not be reached.
DUFFY, J.P., CHRISTOPHER, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court