OPINION OF THE COURT
Nicholas L. Pitaro, J.
This is a CPLR article 78 proceeding brought to annul a determination of the Administrative Tribunal Review Board of the Department of Health. The determination dated August 26, 1983, upheld a finding of violations of subdivision a of section 131.15 of the New York City Health Code against petitioner William B. May Company, Inc., the managing agent of the Village Mall at Hillcrest Condominium. The petition also seeks a declaratory judgment that neither the William B. May Company nor the board of managers of the condominium is responsible for compliance with subdivision a of section 131.15 in privately owned areas of the building.
On or about December 6, 1983, the Department of Health served on the William B. May Company a finding of *1011 violations of subdivision a of section 131.15 of the New York City Health Code. The company was found guilty of failing to provide window guards for apartment 11-T, which is an individually owned unit of the condominium, and of failing to provide acceptable window guards in the hallways.
Subdivision a of section 131.15 provides: “The owner, lessee, agent or other person who manages or controls a multiple dwelling shall provide and install a window guard, of a type deemed acceptable by the Department, on the windows of each apartment in which a child or children ten (10) years of age and under reside and on the windows, if any, in the public halls of a multiple dwelling in which such children reside, except that this section shall not apply to windows giving access to fire escapes.” (Emphasis added.)
Subdivision 7 of section 4 of the Multiple Dwelling Law states in relevant part: “A ‘multiple dwelling’ is a dwelling which is either rented, leased, let or hired out, to be occupied, or is occupied as the residence or home of three or more families living independently of each other.”
Petitioners contend that a condominium does not meet the definition of a multiple dwelling because the units are not “rented, leased, let or hired out.” Instead, parcels of realty are sold to individuals who receive a “unit” in fee simple and an undivided interest in the common areas of the premises (see Gerber v Town of Clarkstown, 78 Misc 2d 221; 1A Warren’s Weed, NY Real Property, Condominiums, § 1.01).
The court believes that subdivision 1 of section 339-ee of article 9-B of the Real Property Law (The Condominium Act) is virtually dispositive of this proceeding. Subdivision 1 of section 339-ee states: “All units of a property which shall be submitted to the provisions of this article shall be deemed to be cooperative interests in realty within the meaning of section three hundred fifty-two-e of the general business law. Article nine-a of the real property law shall not apply to the property or any unit. Article eleven of the tax law shall not apply to declarations or any lien for common charges provided for in this article. Any provision of the multiple dwelling law, the multiple residence law, or *1012 any state building construction code as to multiple residences pursuant to the provisions of article eighteen of the executive law, requiring registration by the owner or other person having control of a multiple dwelling shall be deemed satisfied in the case of a property submitted to the provisions of this article by registration of the board of managers, such registration to include the name of each unit owner and the designation of his unit; each unit owner shall be deemed the person in control of the unit owned by him, and the board of managers shall be deemed the person in control of the common elements, for purposes of enforcement of any such law or code, provided, however, that all other provisions of the multiple dwelling law or multiple residence law, otherwise applicable, shall be in full force and effect.”
The proviso in subdivision 1 of section 339-ee of the Real Property Law was added by chapter 830 of the Laws of 1974 which was captioned “an act to amend the real property law, in relation to the clarification of the requirement that condominiums be subject to the multiple dwelling law or multiple residence law.” The Governor’s memorandum in approval of the bill (McKinney’s Session Laws of NY, 1974, p 2113) states:
“The bill amends the Condominium Act of the Real Property law in order to clarify that in appropriate cases, the Multiple Dwelling Law and the Multiple Residence Law apply to condominium developments.
“The Joint Legislative Committee on Housing and Urban Development proposed this bill after finding that some confusion exists with respect to the applicability of the MDL and MRL to condominiums. Although the bill’s clarifying objective is stated in its title, the delayed effective date might cause some confusion, inasmuch as a delayed effective date normally accompanies only measures imposing new legal requirements or otherwise effecting a change in the law. Accordingly, in approving this bill, I feel constrained to emphasize that the measure must be viewed as a clarification of existing requirements, not as an imposition of new requirements.
“In commenting on the bill, the Attorney General has written to me as follows:
*1013 “ ‘The instant bill merely makes more certain the obvious original purposes of the language of the existing section on the applicability of the multiple dwelling and residency laws. Thus, these important laws continue in full effect based on the nature of the structure, rather than the form of ownership in the case of a condominium.’
“The bill is approved.”
Both the language and intent of subdivision 1 of section 339-ee of the Real Property Law clearly establish that the Multiple Dwelling Law applies to condominiums. Indeed, the statute even specifically apportions responsibility for complying with the Multiple Dwelling Law between the board of managers, which was made responsible for the “common elements” of the property, and the unit owner, who was made responsible for his unit. The court concludes that a condominium is a “multiple dwelling” within the meaning of subdivision a of section 131.15 of the New York City Health Code. The court also concludes that the legislative scheme in section 339-ee should be followed in apportioning the responsibility for bringing a condominium into compliance with subdivision a of section 131.15.
Accordingly, the petition is granted to the following extent: First, the determination of the Administrative Tribunal Review Board dated August 26,1983, is annulled to the extent that it upheld the finding against the William B. May Company for the absence of window guards in apartment 11-T. Second, the petitioners may have a judgment declaring 'j hat they are not responsible for bringing the units into compliance with subdivision a of section 131.15 of the New York City Health Code, but they are responsible for the areas held in common.