■ Nancy Ullmann-Schneider et al., Respondents, v Lacher & Lovell-Taylor, P.C., et al., Appellants. [994 NYS2d 72]—

Order, Supreme Court, New York County (Lawrence K. Marks, J.), entered August 6, 2013, which, to the extent appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the first, second, third, fourth, and eighth causes of action, and granted plaintiffs' motion for summary judgment dismissing defendants' first and second affirmative defenses, unanimously modified, on the law, to grant defendants' motion to the extent of dismissing the second, third and fourth causes of action, and otherwise affirmed, without costs.

In this action arising from defendants' legal representation of plaintiff's decedent, in connection with the estate accounting proceedings of decedent's deceased mother and a trust created under her will, the motion court properly found that, to the extent the claims herein are governed by a three-year statute of limitations, this action is timely, having been commenced within six months after termination of a timely commenced proceeding in Surrogate's Court (*see* CPLR 205 [a]). Plaintiffs' commencement of the Surrogate's Court proceeding in connection with decedent's mother's estate, based on the same series of events involved here, was timely made within three years of decedent's death. We note that the prior proceeding was dismissed on the ground that it was not brought "during the administration of an estate" (SCPA 2110 [1]), "without prejudice to renewal in the appropriate forum." Since SCPA 2110 merely served as the

attempted vehicle for plaintiffs to pursue their claims, and did not create those claims, the requirement that the petition be brought during an estate's administration was not a condition precedent affecting plaintiffs' right to bring the underlying claims in Supreme Court (*see Matter of Morris Invs. v Commissioner of Fin. of City of N.Y.*, 69 NY2d 933, 935-936 [1987]).

As the motion court found, the breach of contract claim, which asserts, inter alia, that defendants overbilled them and performed unnecessary services, is not duplicative of the legal malpractice claim. The former claim, unlike the latter claim, does not speak to the quality of defendants' work (*see Cherry Hill Mkt. Corp. v Cozen O'Connor P.C.*, 118 AD3d 514 [1st Dept 2014]). However, the claims for breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, and unjust enrichment, which are based on the same allegations and seek the same damages as the breach of contract and legal malpractice claims should have been dismissed as duplicative (*see Chowaiki & Co. Fine Art Ltd. v Lacher*, 115 AD3d 600 [1st Dept 2014]).

The court properly dismissed defendants' first affirmative defense, based on the conduct of plaintiff Nancy Ullmann-Schneider, decedent's daughter, who defendants claim fraudulently misrepresented her authority to act. This claim is not factually supported by the record and defendants did not establish that an alleged misrepresentation to the Surrogate's Court regarding the existence of decedent's will, which will was later disclosed, constituted a fraud on the court (*cf. Matter of Falanga*, 23 NY2d 860 [1969]). The second affirmative defense was also properly dismissed since decedent's daughter was duly appointed as a personal representative of the estate of her father, a non-domiciliary, and defendants have not shown that she did not have a right to commence the subject action (*see* EPTL 13-3.5 [a]).

We have considered defendants' remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Saxe, DeGrasse, Richter and Clark, JJ.