Valenti v Going Grain, Inc. (2018 NY Slip Op 02256)





Valenti v Going Grain, Inc.


2018 NY Slip Op 02256


Decided on March 29, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 29, 2018

Friedman, J.P., Tom, Kapnick, Singh, JJ.


6136 155293/12

[*1]Thomas Valenti Sr., individually and as Nominee of Krunch Pizza Bar, LLC, Plaintiff-Respondent,
v
Going Grain, Inc., et al., Defendants-Appellants.


Moulinos & Associates LLC, New York (Peter Moulinos Of counsel), for appellants.
Conway & Conway, New York (Kevin P. Conway of counsel), for respondent.



Order, Supreme Court, New York County (Ellen M. Coin, J.), entered May 24, 2017, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment on the complaint, unanimously modified, on the law, to deny the motion as to damages arising from the failure to place funds into escrow pursuant to the contract, to dismiss plaintiff's claims for conversion and breach of the implied covenant of good faith and fair dealing, and to dismiss defendants' counterclaims, and the matter is remanded for an inquest on damages arising from the failure to place funds into escrow, and otherwise affirmed, without costs.
Plaintiff made a prima facie showing of his entitlement to summary judgment on the second contract of sale by submitting the contract and related promissory note and evidence of Krunch Pizza Bar, LLC's performance, defendants' breach, and the resulting damages (see Harris v Seward Park Hous. Corp., 79 AD3d 425, 426 [1st Dept 2010]). In opposition, defendants failed to raise a triable issue. At the outset, we note that defendants caused the breach by failing to pay rent immediately upon taking possession of the premises. Defendants further argue that the contract was "impossible" to perform due to an eviction proceeding. However, the contract anticipated an eviction proceeding (see Kel Kim Corp. v Central Mkts., 70 NY2d 900 [1987]). Moreover, performance of a contract is not excused where impossibility is occasioned by financial difficulty or economic hardship (407 E. 61st Garage v Savoy Fifth Ave. Corp., 23 NY2d 275, 281 [1968]). Defendants argue that Krunch waived the remaining balance pursuant to a contract waiver provision. However, their failure to make monthly payments under the promissory note and to place $60,000 in escrow in anticipation of the accounting constituted a material breach, justifying plaintiff's termination of the contract (see Awards.com v Kinko's, Inc., 42 AD3d 178, 187 [1st Dept 2007], affd 14 NY3d 791 [2010]). Thus, the payment waiver provision was no longer enforceable against plaintiff when defendants were ultimately evicted (see Conergics Corp. v Dearborn Mid-W. Conveyor Co., 144 AD3d 516, 530-531 [1st Dept 2016], citing Unigard Sec. Ins. Co. v North Riv. Ins. Co., 79 NY2d 576, 584 [1992]). Nevertheless, defendants raised a triable issue as to whether they had made payments toward the "outstanding judgments," which payments should be deducted from the amount that was to be placed in escrow.
The promissory note requires defendants to pay plaintiff's attorneys' fees in connection with collection or enforcement of the note. Because repayment of the note has been heavily intertwined with repayment of other obligations under the contract of sale, defendants are liable for attorneys' fees in this litigation through the instant summary judgment motion. However, as the inquest on damages that we have ordered relates only to the amounts owed under the contract of sale, defendants are not liable for plaintiff's attorneys' fees in connection with the inquest.
The conversion and breach of the implied covenant of good faith and fair dealing claims should be dismissed as duplicative of the breach of contract claim (see Ullmann-Schneider v Lacher & [*2]Lovell-Taylor, P.C., 121 AD3d 415, 416 [1st Dept 2014]).
Plaintiff is entitled to the further relief of the dismissal of defendants' counterclaims, which allege breach of contract and fraudulent inducement, since he presented evidence that he performed under the second contract and that defendants had knowledge of the eviction proceedings, rental arrears, real estate tax arrears, and outstanding judgments before entering into that contract, and defendants failed to raise a triable issue of fact as to either counterclaim.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 29, 2018
DEPUTY CLERK