Palero Food Corp. v Zucker (2020 NY Slip Op 04398)





Palero Food Corp. v Zucker


2020 NY Slip Op 04398


Decided on August 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2017-06289
 (Index No. 515819/15)

[*1]Palero Food Corp., etc., et al., appellants,
v
Howard A. Zucker, etc., et al., respondents.


Locks Law Firm PLLC, New York, NY (Andrew W. Bell of counsel), for appellants.
Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta and Caroline A. Olsen of counsel), for respondent Howard A. Zucker.
Kostelanetz & Fink, LLP, New York, NY (Claude M. Millman of counsel), for respondents Montefiore/New Rochelle and Public Health Solutions.



DECISION & ORDER
In a putative class action to recover damages for breach of contract and for injunctive and declaratory relief, the plaintiffs appeal from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated May 12, 2017. The order, insofar as appealed from, granted the motion of the defendant Howard A. Zucker, as Commissioner of the New York State Department of Health, pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against him as time-barred, and granted that branch of the separate motion of the defendants Montefiore/New Rochelle and Public Health Solutions which was pursuant to CPLR 3211(a) to dismiss the first cause of action, alleging breach of contract, asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.
The Special Supplemental Nutrition Program for Women, Infants, and Children (hereinafter WIC) provides, among other things, supplemental foods to qualified recipients. WIC is federally funded by the United States Department of Agriculture and is administered at the state level by the New York State Department of Health (hereinafter the DOH). WIC participants receive vouchers for fruits and vegetables and WIC checks, which can be redeemed for certain items at participating grocery stores and pharmacies. These stores and pharmacies (hereinafter WIC Vendors) enter into contracts with local Vendor Management Agencies, which are responsible for managing the WIC Vendors in their region.
On March 20, 2015, the DOH issued a Vendor Bulletin in which it announced a change to WIC-check-cashing procedures. The Vendor Bulletin stated that, effective April 4, 2015, the Not-to-Exceed amount (hereinafter the NTE amount), which is the maximum amount that the DOH would reimburse a WIC Vendor for a particular WIC check, would no longer be printed on WIC checks.
The plaintiffs commenced this class action against the defendants on behalf of all WIC Vendors in New York that were participating in WIC on or after April 3, 2015. The plaintiffs challenged the DOH's decision to remove the NTE amount from WIC checks and claimed that, as a result, the plaintiffs have incurred bank fees for returned checks and have received reduced reimbursement for checks submitted in excess of the NTE amount. The plaintiffs sought declaratory and injunctive relief, as well as to recover damages for breach of contract, from the defendant Vendor Management Agencies Montefiore/New Rochelle (hereinafter Montefiore) and Public Health Solutions (hereinafter PHS). The plaintiffs sought to obtain "declaratory, injunctive and equitable relief" from the defendant Howard A. Zucker, as Commissioner of the DOH (hereinafter the DOH Commissioner).
The Supreme Court granted the motion of the DOH Commissioner pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against him as time-barred. The court also granted, inter alia, that branch of the separate motion of Montefiore and PHS which was pursuant to CPLR 3211(a)(1) and (7) to dismiss the first cause of action, alleging breach of contract, asserted against them. The plaintiffs appeal.
"[W]here a quasi-legislative act by an administrative agency . . . is challenged on the ground that it was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion' (CPLR 7803[3]), a proceeding in the form prescribed by article 78 can be maintained and, as a corollary matter, the four-month Statute of Limitations that ordinarily governs such proceedings is applicable" (New York City Health & Hosps. Corp. v McBarnette, 84 NY2d 194, 204; see Matter of Broadway Barbeque Corp. v New York City Dept. of Health & Mental Hygiene, 160 AD3d 719, 720). Here, the gravamen of the amended complaint insofar as asserted against the DOH Commissioner is that the DOH's new WIC-check-cashing procedures were implemented in violation of lawful procedure and were affected by an error of law. Accordingly, the four-month statute of limitations set forth in CPLR 217(1) applies to this action (see New York City Health & Hosps. Corp. v McBarnette, 84 NY2d at 204; Matter of Broadway Barbeque Corp. v New York City Dept. of Health & Mental Hygiene, 160 AD3d at 720). Therefore, we agree with the Supreme Court's determination granting the DOH Commissioner's motion to dismiss the amended complaint insofar as asserted against him as time-barred, because the plaintiffs did not commence the action "within four months after the determination to be reviewed" became "final and binding" upon the plaintiffs (CPLR 217[1]).
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must liberally construe the complaint, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Minovici v Belkin BV, 109 AD3d 520, 521). "However, bare legal conclusions and factual claims which are flatly contradicted by the record are not presumed to be true" (Parola, Gross & Marino, P.C. v Susskind, 43 AD3d 1020, 1021-1022). "Moreover, [w]here evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate'" (Minovici v Belkin BV, 109 AD3d at 521, quoting Rabos v R & R Bagels & Bakery, 100 AD3d 849, 852).
To succeed on a motion to dismiss pursuant to CPLR 3211(a)(1), the documentary evidence that forms the basis of the defense must be such that it resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim (see Golia v Vieira, 162 AD3d 865, 867; Sheridan v Town of Orangetown, 21 AD3d 365, 365). "[T]o be considered documentary,' evidence must be unambiguous and of undisputed authenticity" (Fontanetta v John Doe 1, 73 AD3d 78, 86; Hohwald v Farm Family Cas. Ins. Co., 155 AD3d 1009, 1010). "Contracts are among the documents that qualify as documentary evidence" (Hohwald v Farm Family Cas. Ins. Co., 155 AD3d at 1010).
Here, the plaintiffs attached a blank Vendor Agreement to the amended complaint, which they relied upon as the predicate for the breach of contract cause of action. The plaintiffs, however, could not point to any provisions of the Vendor Agreement that Montefiore and PHS allegedly breached. Accordingly, since the Vendor Agreement does not provide any basis for recovery, we agree with the Supreme Court's determination granting that branch of the motion of Montefiore and PHS which was pursuant to CPLR 3211(a)(1) and (7) to dismiss the breach of contract cause of action asserted against them.
AUSTIN, J.P., MALTESE, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court