Dubon v Drexel (2021 NY Slip Op 04119)





Dubon v Drexel


2021 NY Slip Op 04119


Decided on June 30, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2017-11578
 (Index No. 7854/16)

[*1]William Dubon, appellant,
v
Allen Drexel, et al., respondents.


Catafago Fini LLP, New York, NY (Jacques Catafago of counsel), for appellant.
Voute, Lohrfink, Magro & McAndrew, LLP, White Plains, NY (Howard S. Jacobowitz and Evan J. Lyman of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for breach of contract and fraudulent inducement, the plaintiff appeals from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), entered September 22, 2017. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss so much of the first breach of contract cause of action as alleged that the defendants overbilled and charged the plaintiff for unnecessary legal services, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff hired the defendants, Allen Drexel and Drexel, LLC (hereinafter together Drexel), to represent him in a divorce action. The plaintiff and Drexel entered into a retainer agreement (hereinafter the retainer), which set forth the terms of Drexel's representation of the plaintiff. Pursuant to the retainer, Drexel, among other things, would provide the plaintiff with itemized billing statements at least every 60 days. The retainer further provided that any modifications to the agreement, fee estimates, budgets for work to be done for the plaintiff, or adjustments to Drexel's bills "will be valid only if in writing and signed by [both parties]" (emphasis in original).
In November 2016, the plaintiff commenced the instant action against Drexel, in which he asserted two causes of action alleging breach of contract and one cause of action alleging fraudulent inducement. The first breach of contract cause of action alleged, among other things, that Drexel breached a provision of the retainer pursuant to which Drexel agreed to defend the plaintiff in his divorce action and "to provide all necessary legal services for an estimated cost of 'no more than $100,000.'" The second breach of contract cause of action alleged that Drexel failed to provide invoices to the plaintiff as required by the retainer. The fraudulent inducement cause of action alleged that the plaintiff was fraudulently induced into entering into the retainer by relying on Drexel's representations as to the cost of its legal services.
Drexel moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint. The plaintiff submitted an affidavit in opposition to Drexel's motion to dismiss. The Supreme Court granted Drexel's motion, finding that Drexel "conclusively established that there was no retainer [*2]stating that [Drexel] would not bill for more than $100,000" and that the second breach of contract claim failed to state a cause of action. The plaintiff appeals.
"To succeed on a motion to dismiss pursuant to CPLR 3211(a)(1), the documentary evidence that forms the basis of the defense must be such that it resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim" (Palero Food Corp. v Zucker, 186 AD3d 493, 495). "Contracts are among the documents that qualify as documentary evidence" (Hohwald v Farm Family Cas. Ins. Co., 155 AD3d 1009, 1010).
"On a motion pursuant to CPLR 3211(a)(7) to dismiss for failure to state a cause of action, the court will accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Tsinias Enters. Ltd. v Taza Grocery, Inc., 172 AD3d 1271, 1272 [internal quotation marks omitted]). "However, bare legal conclusions and factual claims which are flatly contradicted by the record are not presumed to be true" (Parola, Gross & Marino, P.C. v Susskind, 43 AD3d 1020, 1021-1022). "In opposition to such a motion, a plaintiff may submit affidavits to remedy defects in the complaint and preserve inartfully pleaded, but potentially meritorious claims" (Cron v Hargro Fabrics, 91 NY2d 362, 366 [internal quotation marks omitted]). Where "evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Palero Food Corp. v Zucker, 186 AD3d at 495 [internal quotation marks omitted]).
The Supreme Court properly granted that branch of Drexel's motion which was to dismiss so much of the first breach of contract cause of action as alleged that Drexel breached the retainer by billing the plaintiff for legal services in excess of $100,000 (see Palero Food Corp. v Zucker, 186 AD3d at 496). Drexel demonstrated that such claim was conclusively disposed of by the retainer itself, which did not contain a provision stating that the plaintiff's legal costs would not exceed $100,000, and which stated that any fee estimate must be in a writing signed by both parties.
However, the Supreme Court should have denied that branch of Drexel's motion which was to dismiss so much of the first breach of contract cause of action as alleged that Drexel overbilled and charged the plaintiff for unnecessary legal services (see Ullmann-Schneider v Lacher & Lovell-Taylor, P.C., 121 AD3d 415, 416; O'Connor v Blodnick, Abramowitz and Blodnick, 295 AD2d 586, 587). In opposition to that branch of Drexel's motion which was to dismiss the first breach of contract cause of action, the plaintiff submitted an affidavit in which he averred that Drexel double-billed him for legal services in the sum of $291,000 and charged him at least $70,000 for unnecessary legal services. Contrary to Drexel's contention, the plaintiff's claim that Drexel overbilled and charged him for unnecessary legal services is distinct from a legal malpractice cause of action, as the plaintiff's claim does not challenge the quality of Drexel's work (see Ullmann-Schneider v Lacher & Lovell-Taylor, P.C., 121 AD3d at 416; Tanenbaum v Molinoff, 118 AD3d 774, 775-776).
The Supreme Court properly granted that branch of Drexel's motion which was to dismiss the fraudulent inducement cause of action because the plaintiff's allegation that he was fraudulently induced to enter into the retainer by Drexel's statements that it would not charge the plaintiff more than $100,000 is clearly refuted by the language of the retainer itself (see Hong Qin Jiang v Li Wan Wu, 179 AD3d 1041, 1043; Pirozzolo v Dimeo, 141 AD2d 810, 811). Further, the plaintiff failed to specifically plead the circumstances constituting Drexel's alleged fraud as required by CPLR 3016(b) (see 651 Bay St., LLC v Discenza, 189 AD3d 952, 954).
The Supreme Court properly granted that branch of Drexel's motion which was to dismiss the second breach of contract cause of action. A cause of action was not stated because the complaint did not allege how Drexel's alleged failure to provide the plaintiff with invoices at least every 60 days caused the plaintiff to sustain $500,000 in damages (see Rut v Young Adult Inst., Inc., 74 AD3d 776, 777). Although the plaintiff averred that the provision in the retainer that required [*3]Drexel to send him invoices at least every 60 days was "to prevent the attorney from running up charges that were never intended or countenanced by the client," the plaintiff did not allege that Drexel's failure to provide timely invoices actually allowed Drexel to charge him for unauthorized legal services. The plaintiff also averred that Drexel once sent him an untimely invoice in excess of $112,000, which was "more than what Plaintiff was told the entire case would cost." However, the plaintiff's claim that Drexel advised him that its legal fees would not exceed $100,000 is flatly contradicted by the record, and therefore, not presumed to be true (see Parola, Gross & Marino, P.C. v Susskind, 43 AD3d at 1021-1022).
The plaintiff's new theories of liability, which were not raised before the Supreme Court, are improperly raised for the first time on appeal and will not be addressed (see Walker v George, 97 AD3d 741).
LASALLE, P.J., DILLON, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court