Chapman v Jacobs (2021 NY Slip Op 04794)





Chapman v Jacobs


2021 NY Slip Op 04794


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


132 CA 20-00064

[*1]DAVID A. CHAPMAN, PLAINTIFF-APPELLANT,
v
ADAM J. JACOBS AND JENNIFER A. JACOBS, DEFENDANTS-RESPONDENTS. 






DIBBLE & MILLER, P.C., ROCHESTER (G. MICHAEL MILLER OF COUNSEL), FOR PLAINTIFF-APPELLANT. 


 Appeal from an order of the Supreme Court, Ontario County (Brian D. Dennis, A.J.), entered December 23, 2019. The order granted the motion of defendants for summary judgment and dismissed the first cause of action. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for, inter alia, fraud arising from his purchase of a home from defendants, alleging that defendants represented that there was a certificate of occupancy for a pole barn situated on the property when, in fact, the Town of Farmington (Town) voided the certificate of occupancy when it discovered that the barn encroached on the adjoining property. Although the record establishes that plaintiff was aware of the encroachment prior to closing, plaintiff alleged that he was unaware that the Town had voided the certificate of occupancy and believed that any issue regarding the barn had been resolved through a boundary line agreement between defendants and the adjoining landowner. After plaintiff purchased the home, however, the Town informed him that he would have to relocate or remove the barn, and this action ensued. Plaintiff now appeals from an order that granted defendants' motion for summary judgment dismissing plaintiff's cause of action for fraud. We affirm.
"New York adheres to the doctrine of caveat emptor and imposes no liability on a seller for failing to disclose information regarding the premises when the parties deal at arm's length, unless there is some conduct on the part of the seller which constitutes active concealment" (Simone v Homecheck Real Estate Servs., Inc., 42 AD3d 518, 520 [2d Dept 2007]; see Jablonski v Rapalje, 14 AD3d 484, 485 [2d Dept 2005]). "False representation in a property condition disclosure statement mandated by Real Property Law § 462 (2) may constitute active concealment in the context of fraudulent nondisclosure . . . , [but] to maintain such a cause of action, the buyer must show, in effect, that the seller thwarted the buyer's efforts to fulfill the buyer's responsibilities fixed by the doctrine of caveat emptor" (Mikulski v Battaglia, 112 AD3d 1355, 1356-1357 [4th Dept 2013] [internal quotation marks omitted]; see Gallagher v Ruzzine, 147 AD3d 1456, 1458 [4th Dept 2017], lv denied 29 NY3d 919 [2017]; Sample v Yokel, 94 AD3d 1413, 1415 [4th Dept 2012]). Here, even assuming, arguendo, that defendants' alleged representations in the property condition disclosure statement constituted active concealment, we conclude that defendants met their initial burden on the motion by establishing that those representations did not "thwart[ ]" plaintiff's ability to conduct his own investigation into the property (Mikulski, 112 AD3d at 1357) inasmuch as the status of the certificate of occupancy "was readily ascertainable from the public record" (Matos v Crimmins, 40 AD3d 1053, 1055 [2d Dept 2007]). Plaintiff failed to raise a triable issue of fact in opposition (see id.). Further, an action for fraud requires, inter alia, "justifiable reliance by the plaintiff" (Morrow v MetLife Invs. Ins. Co. [appeal No. 2], 177 AD3d 1288, 1289 [4th Dept 2019]). Here, defendants met their initial burden of establishing the absence of justifiable reliance on defendants' alleged [*2]representations by submitting evidence that plaintiff was aware, prior to closing, that the barn encroached on the adjoining property (see generally Gallagher, 147 AD3d at 1459). Plaintiff failed to raise a triable issue of fact in opposition (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court