Kwan v Kuie Chin Yap (2023 NY Slip Op 05005)

Kwan v Kuie Chin Yap

2023 NY Slip Op 05005

Decided on October 4, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2022-00668
 (Index No. 721509/20)

[*1]Cassinna Kwan, etc., respondent,
v
Kuie Chin Yap, et al., defendants, Cherry Tower Realty Corp., et al., appellants.

Morris Duffy Alonso Faley & Pitcoff, New York, NY (Robert S. Whitbeck, Iryna S. Krauchanka, and Andrea M. Alonso of counsel), for appellants.
Queller, Fisher, Washor, Fuchs & Kool and the Law Offices of William A. Gallina, LLP (Ephrem J. Wertenteil, New York, NY, of counsel), for respondent.
Law Office of Kim & Cha, LLP, Bayside, NY (Michael Weisberg and Thomas S. Kim of counsel), for defendants Kuie Chin Yap and Ying Bin Zhang.

DECISION & ORDER
In an action to recover damages for personal injuries and wrongful death, etc., the defendants Cherry Tower Realty Corp., Board of Managers of Cherry Tower Condominium, and Cherry Tower Condominium appeal from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), entered January 20, 2022. The order denied those defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants Cherry Tower Realty Corp., Board of Managers of Cherry Tower Condominium, and Cherry Tower Condominium pursuant to CPLR 3211(a) which was to dismiss so much of the complaint as was based on the failure to install window guards in the subject apartment insofar as asserted against them, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
On July 11, 2019, the plaintiff's three-year-old daughter fell out of a window in the fifth-floor apartment where they lived and later died from her injuries. The subject apartment is a condominium unit located within the defendant Cherry Tower Condominium. The subject apartment is owned by the defendants Kuie Chin Yap and Ying Bin Zhang (hereinafter together the unit owners) and had been leased to the plaintiff. The plaintiff subsequently commenced this action against, among others, Cherry Tower Condominium and the defendants Cherry Tower Realty Corp. and the Board of Managers of Cherry Tower Condominium (hereinafter collectively the Cherry Tower defendants), alleging that they had breached their duty to install window guards on the windows in the subject apartment and their duty to comply with notification requirements regarding the installation of window guards. Prior to discovery, the Cherry Tower defendants moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against them on the ground that they owed no duty with respect to window guards on the windows in the subject apartment. In an order entered January 20, 2022, the Supreme Court denied the motion. The Cherry Tower [*2]defendants appeal.
A motion to dismiss a complaint pursuant to CPLR 3211(a)(1) on the ground that the action is barred by documentary evidence "may be appropriately granted only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Goshen v Mut. Life Ins. Co. of New York, 98 NY2d 314, 326; see Marinelli v Sullivan Papain Block McGrath & Cannavo, P.C., 205 AD3d 714, 715). "'On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must liberally construe the complaint, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (Delric Constr. Co., Inc. v New York City Sch. Constr. Auth., 204 AD3d 750, 751-752, quoting Palero Food Corp. v Zucker, 186 AD3d 493, 495; see Marinelli v Sullivan Papain Block McGrath & Cannavo, P.C., 205 AD3d at 715). "Where a party offers evidentiary proof on a motion pursuant to CPLR 3211(a)(7), and such proof is considered but the motion has not been converted to one for summary judgment, 'the criterion is whether the proponent of the pleading has a cause of action, not whether [the proponent] has stated one, and, unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it[,] . . . dismissal should not eventuate'" (Marinelli v Sullivan Papain Block McGrath & Cannavo, P.C., 205 AD3d at 715-716, quoting Guggenheimer v Ginzburg, 43 NY2d 268, 275).
The Supreme Court erred in denying that branch of the Cherry Tower defendants' motion which was to dismiss so much of the complaint as was based on the failure to install window guards in the subject apartment insofar as asserted against them. "The characteristics of condominium ownership are individual ownership of a unit, an undivided interest in designated common elements, and an agreement among unit owners regulating the administration and maintenance of property" (All Seasons Resorts v Abrams, 68 NY2d 81, 90-91). Accepting the allegations in the complaint as true and giving the plaintiff the benefit of every favorable inference, the documentary evidence submitted by the Cherry Tower defendants, including the deed demonstrating that the unit owners purchased the subject apartment in 2007 and the condominium bylaws placing the responsibility to install and maintain window guards on the unit owners, conclusively demonstrates that the Cherry Tower defendants had no duty to install window guards in the subject apartment (see Administrative Code of City of NY § 27-2043.1[a]; Real Property Law § 339-ee[1]; Matter of William B. May Co. v Department of Health of City of N.Y., 123 Misc 2d 1010 [Sup Ct, Queens County).
However, the Supreme Court properly denied that branch of the Cherry Tower defendants' motion which was to dismiss so much of the complaint as was based on their failure to provide the plaintiff with notice of the window guard requirements. Accepting the allegations in the complaint as true and giving the plaintiff the benefit of every favorable inference, the complaint sufficiently alleges that the Cherry Tower defendants failed in their responsibility to deliver the required notice to the subject apartment (see Administrative Code § 17-123[b]). Moreover, contrary to the contention of the Cherry Tower defendants, the documentary evidence submitted failed to conclusively establish that they are not a "person who manages or controls a multiple dwelling" within the meaning of Administrative Code § 17-123(b) (see Multiple Dwelling Law § 4[7]; Whitebox Concentrated Convertible Arbitrage Partners, L.P. v Superior Well Servs., Inc., 20 NY3d 59, 63).
The Cherry Tower defendants' remaining contentions are without merit.
BRATHWAITE NELSON, J.P., MILLER, FORD and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court