Renaud v Bedford- Carp Constr., Inc. (2023 NY Slip Op 05629)

Renaud v Bedford- Carp Constr., Inc.

2023 NY Slip Op 05629

Decided on November 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.

2021-07095
 (Index No. 515606/20)

[*1]Diamond Renaud, et al., respondents, 
v
Bedford- Carp Construction, Inc., appellant, et al., defendant.

The Law Office of Steven Cohn, P.C., Carle Place, NY (Mitchell R. Goldklang of counsel), for appellant.
Pelton Graham LLC, New York, NY (Brenton E. Pelton and Taylor B. Graham of counsel), for respondents.

DECISION & ORDER
In a putative class action, inter alia, to recover damages for breach of contract, the defendant Bedford-Carp Construction, Inc., appeals from an order of the Supreme Court, Kings County (Richard Velasquez, J), dated August 31, 2021. The order, insofar as appealed from, denied that defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against it.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant Bedford-Carp Construction, Inc., which was pursuant CPLR 3211(a)(7) to dismiss the cause of action to recover damages for unjust enrichment and to recover in quantum meruit insofar as asserted against it, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The defendant Bedford-Carp Construction, Inc. (hereinafter Bedford-Carp), performed public works projects for the City of New York in connection with the installation of storm and sanitary sewers and water mains. As alleged, the plaintiffs and other putative class members were employed by Bedford-Carp and performed work at public works projects job sites that entitled them to receive a "prevailing wage" in accordance with various provisions of the Labor Law. The plaintiffs commenced this class action alleging, inter alia, that Bedford-Carp violated the Labor Law, did not pay them and the putative class members the "prevailing wage," and failed to comply with the notice requirements of Labor Law § 195. Bedford-Carp moved pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against it. The Supreme Court denied the motion. Bedford-Carp appeals.
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must liberally construe the complaint, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Palero Food Corp. v Zucker, 186 AD3d 493, 495 [internal quotation marks omitted]). "However, bare legal conclusions and factual claims which are flatly contradicted by the record are not presumed to be true" (id. at 495 [internal quotation marks [*2]omitted]). In assessing a motion under CPLR 3211(a)(7), a court may freely consider affidavits and other evidence submitted by the plaintiff to remedy any defects in the complaint (see Cassese v SVJ Joralemon, LLC, 168 AD3d 667, 668-669). "[W]here evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Minovici v Belkin BV, 109 AD3d 520, 521 [internal quotation marks omitted]).
Here, the plaintiffs stated a viable breach of contact cause of action insofar as asserted against Bedford-Carp based on violations of statutorily mandated provisions in agreements between Bedford-Carp and the City of New York, which require the payment of prevailing wages. "In situations where the Labor Law requires the inclusion of a provision for payment of the prevailing wage in a labor contract between a public agency and a contractor, a contractual obligation is created in favor of the contractor's employees, and an employee covered by or subject to the contract, in his or her status as third-party beneficiary to the contract, possesses a common-law cause of action against the contractor to recover damages for breach of such a contractual obligation" (Stennett v Moveway Transfer & Stor., Inc., 97 AD3d 655, 656-657; see Singh v Zoria Hous., LLC, 163 AD3d 1025, 1025-1026). The plaintiffs alleged that Bedford-Carp failed to pay them and putative class members "prevailing wages" based on the nature of the work they performed in breach of public works contracts that included prevailing-wage provisions pursuant to the Labor Law (see generally Labor Law §§ 220, 231), and they described their work schedules with sufficient particularity. Further, contrary to its contentions, Bedford-Carp did not submit evidentiary material that established that a material fact as claimed by the plaintiffs is not a fact at all and that no significant dispute exists regarding it (see 68 16th Realty, LLC v Bank of N.Y., 190 AD3d 796). The amended complaint thus stated a viable breach of contract cause of action against Bedford-Carp (see Cox v NAP Constr. Co., Inc., 10 NY3d 592, 607; Stennett v Moveway Transfer & Stor., Inc., 97 AD3d at 656-657). The amended complaint also stated a viable cause of action to recover damages from Bedford-Carp based upon its alleged failure to provide the plaintiffs and putative class members with wage notices under Labor Law § 195.
However, the Supreme Court should have granted dismissal of the cause of action to recover damages for unjust enrichment and to recover in quantum meruit insofar as asserted against Bedford-Carp. This cause of action, insofar as asserted against Bedford-Carp, arises from the same facts underlying the breach of contract cause of action and does not allege distinct damages, and there is no dispute that the parties entered into a contract that governs the subject matter (see Cox v NAP Constr. Co., Inc., 10 NY3d at 607).
DILLON, J.P., BRATHWAITE NELSON, MILLER and MALTESE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court