98 Gates Ave. Corp. v Bryan (2024 NY Slip Op 01284)

98 Gates Ave. Corp. v Bryan

2024 NY Slip Op 01284

Decided on March 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
CARL J. LANDICINO, JJ.

2021-02549
 (Index No. 504940/20)

[*1]98 Gates Avenue Corp., appellant, 
v
Leon A. Bryan, Jr., etc., respondent.

Heslop & Dominique LLP, Brooklyn, NY (Garfield A. Heslop of counsel), for appellant.
Landy Wolf, PLLC, New York, NY (David A. Wolf of counsel), for respondent.

DECISION & ORDER
In action, inter alia, to recover damages for fraud and breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Debra Silber, J.), dated March 12, 2021. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
In February 2020, the plaintiff commenced this action, inter alia, to recover damages for fraud and breach of contract arising out of a written agreement between the plaintiff and the defendant for the sale of the defendant's interest in certain real property located in Brooklyn that had been owned by the defendant's deceased father (hereinafter the premises). The plaintiff alleged, among other things, that it purchased the defendant's purported 50% interest in the premises based upon false representations by the defendant that he was the sole heir and distributee of his father, that the defendant was a 50% owner of the premises, and that his father did not have a will. According to the plaintiff, after the closing, the plaintiff discovered the existence of a will of the defendant's father, which had been probated in New York County prior to the plaintiff's purchase, and learned that the defendant had owned only a 25% interest in the premises.
The defendant moved pursuant to CPLR 3211(a) to dismiss the complaint. In an order dated March 12, 2021, the Supreme Court granted the motion. The plaintiff appeals.
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must liberally construe the complaint, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Palero Food Corp. v Zucker, 186 AD3d 493, 495 [internal quotation marks omitted]; see J.P. Morgan Sec. Inc. v Vigilant Ins. Co., 21 NY3d 324, 334). "However, bare legal conclusions and factual claims which are flatly contradicted by the record are not presumed to be true" (Dubon v Drexel, 195 AD3d 991, 993 [internal quotation marks omitted]). In assessing a motion under CPLR 3211(a)(7), a court may freely consider affidavits and other evidence submitted by the plaintiff to remedy any defects in the complaint (see AG Capital Funding Partners, L.P. v State St. Bank & Trust Co., 5 NY3d 582, 591; Cassese v SVJ Joralemon, LLC, 168 AD3d 667, 668-669). "Moreover, [w]here evidentiary material is submitted and considered on a [*2]motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Minovici v Belkin BV, 109 AD3d 520, 521 [internal quotation marks omitted]; see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275).
A cause of action to recover damages for fraudulent misrepresentation requires "'a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury'" (Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 178, quoting Lama Holding Co. v Smith Barney, 88 NY2d 413, 421). A cause of action to recover damages for fraudulent concealment requires, in addition to the elements of a cause of action to recover damages for fraudulent misrepresentation, "'an allegation that the defendant had a duty to disclose material information and that it failed to do so'" (Mandarin Trading Ltd. v Wildenstein, 16 NY3d at 179, quoting P.T. Bank Cent. Asia, N.Y. Branch v ABN AMRO Bank N.V., 301 AD2d 373, 376).
A plaintiff's reliance must be reasonable (see ISS Action, Inc. v Tutor Perini Corp., 170 AD3d 686, 688; Epifani v Johnson, 65 AD3d 224, 230). "[I]f the facts represented are not matters peculiarly within the [defendant's] knowledge, and the [plaintiff] has the means available to him of knowing, by the exercise of ordinary intelligence, the truth or the real quality of the subject of the representation, [the plaintiff] must make use of those means, or he will not be heard to complain that he was induced to enter into the transaction by misrepresentations" (Schumaker v Mather, 133 NY 590, 596; see ACA Fin. Guar. Corp. v Goldman, Sachs & Co., 25 NY3d 1043, 1044).
In the context of real estate transactions, a claim of fraudulent misrepresentation must be analyzed within the doctrine of caveat emptor (see Hecker v Paschke, 133 AD3d 713, 716). "'New York adheres to the doctrine of caveat emptor and imposes no liability on a seller for failing to disclose information regarding the premises when the parties deal at arm's length, unless there is some conduct on the part of the seller which constitutes active concealment'" (Razdolskaya v Lyubarsky, 160 AD3d 994, 996, quoting Simone v Homecheck Real Estate Servs., Inc., 42 AD3d 518, 520). "'If however, some conduct (i.e., more than mere silence) on the part of the seller rises to the level of active concealment, a seller may have a duty to disclose information concerning the property'" (Razdolskaya v Lyubarsky, 160 AD3d at 996, quoting Hecker v Paschke, 133 AD3d at 716). "'To maintain a cause of action to recover damages for active concealment, the plaintiff must show, in effect, that the seller or the seller's agents thwarted the plaintiff's efforts to fulfill his responsibilities fixed by the doctrine of caveat emptor'" (Razdolskaya v Lyubarsky, 160 AD3d at 996, quoting Jablonski v Rapalje, 14 AD3d 484, 485).
Here, the evidence submitted by the defendant in support of his motion established that the will at issue was probated and a matter of public record. Accordingly, the plaintiff's allegation that the defendant misrepresented that the defendant's father did not have a will was insufficient to support the causes of action alleging fraudulent misrepresentation and fraudulent concealment (see DeMartino v Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP, 189 AD3d 774, 775; Glazer v LoPreste, 278 AD2d 198, 199). Since the will, which had been probated, was a matter of public record and not exclusively within the knowledge of the defendant, any failure by the defendant to disclose the will to the plaintiff did not constitute active concealment and was thus not actionable as fraud (see Chapman v Jacobs, 197 AD3d 851, 851-852; Rojas v Paine, 101 AD3d 843, 845).
With respect to the causes of action alleging breach of contract and breach of the implied covenant of good faith and fair dealing, "'[t]he merger doctrine in a real estate transaction provides that once the deed is delivered, its terms are all that survive and the purchaser is barred from prosecuting any claims arising out of the contract'" (R. Vig Props., LLC v Rahimzada, 213 AD3d 871, 874, quoting TIAA Global Invs., LLC v One Astoria Sq. LLC, 127 AD3d 75, 85). "'The [*3]only exception to this rule is where the parties clearly intended that the particular provision of the contract supporting the claim would survive the delivery of the deed'" (R. Vig Props., LLC v Rahimzada, 213 AD3d at 874, quoting TIAA Global Invs., LLC v One Astoria Sq. LLC, 127 AD3d at 85).
Here, although the written agreement contained a provision representing that the defendant was the owner of a 50% interest in the premises, it contained another provision stating that "none of the Seller's covenants, representations, warranties or other obligations contained in this contract shall survive Closing." Accordingly, the causes of action alleging breach of contract and breach of the implied covenant of good faith and fair dealing were barred by the merger doctrine (see Sentlowitz v Cardinal Dev., LLC, 63 AD3d 1137, 1138).
The plaintiff's remaining contentions are without merit.
DUFFY, J.P., CHRISTOPHER, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court