Silver v Baker Botts L.L.P. (2025 NY Slip Op 00732)

Silver v Baker Botts L.L.P.

2025 NY Slip Op 00732

Decided on February 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 06, 2025

Before: Manzanet-Daniels, J.P., Moulton, Mendez, Shulman, Higgitt, JJ. 

Index No. 153123/23 Appeal No. 3644 Case No. 2024-01578 

[*1]Martin Silver, Plaintiff-Respondent,
v
Baker Botts L.L.P., Defendant-Appellant.

Baker Botts LLP, New York (Brendan Quigley of counsel), for appellant.
Allen M. Lowy, New York, for respondent.

Order, Supreme Court, New York County (Richard G. Latin, J.), entered on or about January 17, 2024, which denied the motion of defendant Baker Botts L.L.P. (Baker Botts) to dismiss the causes of action for breach of fiduciary duty and unjust enrichment, unanimously affirmed, with costs.
It is well established that the relationship of client and counsel is one of fiduciary reliance and that "[t]he duty to deal fairly, honestly and with undivided loyalty superimposes onto the attorney-client relationship a set of special and unique duties, including maintaining confidentiality, avoiding conflicts of interest, operating competently, safeguarding client property and honoring the clients' interests over the lawyer's" (Johnson v Proskauer Rose LLP, 129 AD3d 59, 72 [1st Dept 2015] [internal quotation marks omitted]). Thus, an action for breach of fiduciary duty "requires only that the plaintiff identify a conflict of interest which amounted merely to a substantial factor in [the plaintiff's] loss" (Ulico Cas. Co. v Wilson Elser, Moskowitz, Edelman & Dicker, 56 AD3d 1, 10 [1st Dept 2008] [internal quotation marks omitted]).
Here, the complaint alleges that the breach of fiduciary duty claim was based on Baker Botts having engaged in activities involving conflicts of interest, including advising Silver regarding the collection of his firm's management fees at a rate of 33%, while knowingly failing to disclose impairments in Silver's investors' portfolio, and controlling all communications, meetings, and calls with Silver's insurance companies, which were self-serving and to the detriment of Silver. While Baker Botts asserts that this claim should be dismissed as duplicative of the dismissed legal malpractice claim (see Ullmann-Schneider v Lacher & Lovell-Taylor, P.C., 121 AD3d 415, 416 [1st Dept 2014]), absent the written retainer agreement, which was not included in the record on appeal, a defense as to the scope of its representation cannot conclusively be established (see Weil, Gotshal & Manges, LLP v Fashion Boutique of Short Hills, Inc., 10 AD3d 267, 270-271 [1st Dept 2004]).
"[A]s a dispute exists as to the application of the retainer agreement as to defendant, plaintiffs need not elect their remedies and may pursue a quasi-contractual claim for unjust enrichment, as an alternative claim" (Chowaiki & Co. Fine Art Ltd. v Lacher, 115 AD3d 600, 601 [1st Dept 2014]). Further, Silver's claims of excessive billing and related conduct, which actions are not alleged to have adversely affected their claims or defenses in the underlying action, are not, at this juncture, redundant of the legal malpractice claim.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 6, 2025